TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-03-00286-CR






Richard Joseph Novillo, Appellant


v.


The State of Texas, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT

NO. 54,118, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N


 Appellant Richard Joseph Novillo was convicted by a jury for the offense of
aggravated assault with a deadly weapon. See Tex. Pen. Code Ann. § 22.02 (West Supp. 2004). The
district court assessed punishment and sentenced appellant to twenty years' confinement and a fine
of $10,000. Appellant contends that the district court erred by excluding evidence relating to his
strained marital relationship with the victim because that evidence was probative of his state of mind
and motivation at the time of his actions. We will affirm the judgment of conviction.


BACKGROUND


 Appellant does not contest that on November 1, 2002, he stabbed Amy Grider, his
common-law wife, with a pair of scissors. Grider ran to a nearby police station, and appellant was
subsequently arrested.

 In a motion in limine, the State moved to prevent appellant from exploring the
strained marital relationship between appellant and the victim at trial. The district court granted the
motion, and appellant agreed to approach the bench before raising any such issues during trial. 
During trial, appellant three times requested permission to question the State's witnesses about the
relationship. Each time, the district court denied the request. At no time did appellant make an offer
of proof as to what kind of evidence he hoped to obtain from the witnesses, nor did he contend that
the evidence would implicate a defense. Appellant was convicted and sentenced by a jury. This
appeal followed.


DISCUSSION


 In his sole point of error, appellant contends that the district court erred by excluding
evidence relating to his troubled marital relationship with his common-law wife because that
evidence was probative of his state of mind and motivation for his actions. To preserve a complaint
that the trial court erroneously excluded evidence, the complaining party must bring forward a record
indicating the nature of the evidence. See Tex. R. App. P. 33.1, .2; Tex. R. Evid. 103(a)(2). If the
excluded evidence is not apparent from the context of the record, it must be brought forward either
through a timely offer of proof or a formal bill of exception. Guidry v. State, 9 S.W.3d 133, 153
(Tex. Crim. App. 1999). Absent a showing of what such testimony would have been, nothing is
presented for review. Id. Although appellant sought to introduce the evidence three times, he did
not make an offer of proof regarding what the witnesses would say about the couple's relationship,
how that would affect his defense, or how it would assist the jury in its deliberations. Accordingly,
because appellant made no offer of proof at the time of his objections, appellant waived his right to
appeal this issue. See id.

 In the interest of justice, however, the Court will address the merits of appellant's
argument. Preliminary questions concerning admissibility of evidence are determined by the trial
court. Tex. R. Evid. 104(a). Such determinations will not be overturned absent a clear abuse of
discretion. Angleton v. State, 971 S.W.2d 65, 67 (Tex. Crim. App. 1998). The trial court's ruling
will be upheld as long as it was within the "zone of reasonable disagreement." Weatherred v. State,
15 S.W.3d 540, 542 (Tex. Crim. App. 2000).

 Evidence that is not relevant is not admissible. Tex. R. Evid. 402. Evidence is
relevant if it has "any tendency to make the existence of any fact that is of consequence to the
determination of the action more probable or less probable than it would be without the evidence." 
Tex. R. Evid. 401. In determining whether evidence is relevant, courts look to the purpose for
offering the evidence and whether there is a direct or logical connection between the offered
evidence and the proposition sought to be proved. Reed v. State, 59 S.W.3d 278, 281 (Tex.
App.--Fort Worth 2001, pet. ref'd). A trial court may nevertheless exclude relevant evidence if its
probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, 
or misleading the jury, or by considerations of undue delay or needless presentation of cumulative
evidence. Tex. R. Evid. 403.

 In this case, the State filed a motion in limine to exclude evidence concerning
appellant's contentious relationship with the victim. A motion in limine is a method of objecting
to an area of inquiry prior to the matter reaching the jury. See Rawlings v. State, 874 S.W.2d 740,
742 (Tex. App.--Fort Worth 1994, no pet.). The district court granted the State's motion, and both
parties agreed that appellant would approach the bench prior to inquiring into the subject and that
the court would determine admissibility outside the jury's presence.

 A granted motion in limine does not preserve error. Martinez v. State, 98 S.W.3d
189, 193 (Tex. Crim. App. 2003). The complaining party must offer evidence at trial and secure an
adverse ruling from the court to preserve error for appeal. Tex. R. App. P. 33.1(a)(1)(A). During
trial, the district court denied appellant's requests to cross-examine witnesses concerning his
relationship with the victim. Appellant argues that evidence of Grider's relationship with another
man and Grider's and the other man's alleged drug use should have been allowed. Appellant argues
that because his conduct was intentional and knowing, rather than reckless or negligent, he should
have been allowed to explain his motivation to cause serious bodily harm by stabbing Grider.

 As sole support for this proposition, appellant cites Field v. State, 966 S.W.2d 736,
739 (Tex. App.--San Antonio 1998), rev'd on other grounds, 1 S.W.3d 687 (Tex. Crim. App. 1999). 
Section 6.03 of the Texas Penal Code includes three conduct elements: (1) the nature of the conduct,
(2) the result of the conduct, and (3) the circumstances surrounding the conduct. Tex. Pen. Code
Ann. § 6.03 (West 2003); Field, 966 S.W.2d at 739. Appellant interprets Field as allowing the
introduction of evidence regarding "the circumstances surrounding the conduct" and argues that "a
liberal interpretation of the term 'the circumstances surrounding the conduct' would include events
or elements which caused the appellant's attitude and conduct to deviate from the normal." Field,
however, stands for no such proposition. Rather, Field plainly states that "Texas courts require that,
in the judge's charge to the jury, the 'intentional' and 'knowing' requirements be confined to the
specific conduct element required to prove the alleged offense." Field, 966 S.W.2d at 739 (emphasis
added) (citing Ash v. State, 930 S.W.2d 192, 194 (Tex. App.--Dallas 1996, no pet.)).

 The court of criminal appeals has explained the function of the "conduct elements"
as follows:


An offense may contain any one or more of these "conduct elements" which alone
or in combination form the overall behavior which the Legislature has intended to
criminalize, and it is those essential "conduct elements" to which a culpable mental
state must apply. See [Tex. Pen. Code Ann. § 6.03]. For example, where specific
acts are criminalized because of their very nature, a culpable mental state must apply
to committing the act itself. See, e.g., [Tex. Pen. Code Ann.], Chapter 47 (gambling
offenses). On the other hand, unspecified conduct that is criminalized because of its
result requires culpability as to that result. [Alvarado v. State, 704 S.W.2d 36, 39
(Tex. Crim. App. 1985)] (injury to a child); [Lugo-Lugo v. State, 650 S.W.2d 72, 81
(Tex. Crim. App. 1983)] (murder); Kelly v. State, 748 S.W.2d 236 (Tex. Crim. App.
1988) (injury to an elderly individual). Likewise, where otherwise innocent behavior
becomes criminal because of the circumstances under which it is done, a culpable
mental state is required as to those surrounding circumstances. McClain v. State, 687
S.W.2d 350 (Tex. Crim. App. 1985) (theft).



McQueen v. State, 781 S.W.2d 600, 603 (Tex. Crim. App. 1989) (holding culpable mental state of
"knowingly" applied to "circumstances surrounding the conduct" in crime of unauthorized use of
motor vehicle).

 An assault becomes an "aggravated assault" if serious bodily injury results or if a
deadly weapon is used or exhibited during the commission of the assault. Tex. Pen. Code Ann.
§ 22.02 (West Supp. 2004). Because the only conduct elements potentially implicated for the crime
of aggravated assault are "the nature of the conduct" and "the result of the conduct," the
"circumstances surrounding the conduct" are not relevant. See McQueen, 781 S.W.2d at 603. We
therefore reject appellant's assertion that the district court was required to admit evidence regarding
the "circumstances surrounding the conduct."

 The trial court was well within its discretion to deny these requests because
appellant's state of mind and motivation for the assault were irrelevant to his culpability for the
crime of aggravated assault. Notably, appellant did not argue at trial, nor does he argue now, that
the evidence related to a specific defense. Because the evidence was not relevant, and because the
district court was not required to admit evidence regarding the "circumstances surrounding the
conduct," the district court did not abuse its discretion in excluding it.


CONCLUSION


 Having overruled appellant's sole issue, we affirm the judgment of conviction.



 

 Mack Kidd, Justice

Before Justices Kidd, Patterson and Puryear

Affirmed

Filed: June 10, 2004

Do Not Publish