### CHARLEY O'HARA v. THE STATE.

No. 3166. Decided June 17, 1914.

**Carrying Pistol—Sufficiency of the Evidence.**

Where, upon trial of unlawfully carrying a pistol, the defendant testified that he did not know that the pistol was in his overcoat pocket, but the officer testified for the State that as defendant came across the street he had his hand in his pocket in which he had the pistol, this authorized the court to find the defendant guilty, and there was no reversible error.

Appeal from the County Court of Tarrant. Tried below before the Hon. Jesse M. Brown.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane*, Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was prosecuted and convicted of unlawfully carrying a pistol.

George Gresham testified: "I am a police officer in and for the City of Fort Worth, and have been for the past several years. I know the defendant, Charley O'Hara; he is the proprietor of a saloon and restaurant situated on the corner of Thirteenth and Commerce Streets, in the City of Fort Worth. On the 31st day of January last I arrested three men in the defendant's restaurant, which is situated just back of his saloon. I carried these parties, after arresting them, just across the street from the defendant's, where there was a police alarm, and was waiting there for the arrival of the police patrol to carry the parties whom I had under arrest, to the police station. While we were waiting there I saw the defendant coming across the street from towards the saloon and approaching us with his hands in his overcoat pockets. After he had gotten up to where I was standing someone told me that he had a pistol in his overcoat pocket. I turned and asked him for the pistol, and he took it out of the right hand overcoat pocket and handed it to me."

Defendant testified and admitted he had the pistol on the occasion testified to by the officer, but says he did not know the pistol was in his overcoat pocket.

Dave Meredith testified he worked in appellant's restaurant, and had placed the pistol in the overcoat pocket of appellant while it was hanging on the wall and had told him nothing about it.

The case was tried by the court without a jury, and he did not believe the explanation offered by appellant's testimony, and it did not raise a reasonable doubt of appellant's guilt in his mind. The fact that the officer testified that as appellant came across the street he had his hand in the pocket where the pistol was situated, would authorize the court to arrive at such conclusion. He saw the witnesses, heard them testify, and as the State's evidence will sustain the conclusion arrived at by the court, the judgment is affirmed.

*Affirmed.*