## Lee Oscar Gee v. The State.

No. 17727.   Delivered November 6, 1935.

The opinion states the case.

*Hodde & Bouldin,* of Brenham, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for unlawfully carrying a pistol; punishment, thirty days confinement in the county jail.

An officer arrested appellant upon suspicion of his con-

nection with a theft, and after his arrest found in appellant's car, pushed down behind a cushion, a pistol. Upon the trial the State produced a witness who testified that some time prior to said arrest and the finding of said pistol, he, witness, had turned over to appellant to hold as security for a small debt, the pistol so found by the officer, which the witness last referred to claimed belonged to him. Appellant as a witness denied having anything to do with the pistol, and said he did not know of its presence in his car on the occasion in question. The reconciliation of conflicting facts is for the jury, and we are not able to say there is not sufficient testimony in this record to support the conviction.

Appellant has three bills of exception. In Bill No. 1 complaint is made of the refusal of an application for continuance, the substance of which was that appellant had been tried once during the term upon this identical charge and convicted, and a new trial awarded him, and that the case had been again set during said term, and was now called for trial at the second setting. He further set up that of the jurors summoned for the term in the county court, but ten were serving. He alleged that six of this ten sat upon his case at its former trial during the instant term of court, and his further averment was that the remainder of the jury sat in the court room and heard the testimony, and were therefore disqualified. He sought a continuance in order that he might be tried at the next term of the court before a jury regularly drawn by jury commissioners. We find nothing in said bill of exceptions showing that any of the four jurymen drawn for the instant term, who did not sit upon appellant's first trial, were forced upon him at this trial; nor do we find any showing of the fact that any juror of the panel who sat in this case was unfair or taken over objection duly made by the appellant. We know of no authority in this State or anywhere else holding that if the regular panel be exhausted to such an extent as that the jury actually sitting is made up entirely of talesmen summoned in the particular case, this would justify a reversal, in the absence of some showing of prejudice or erroneous action in the selection of jurors. We are unable to agree that this bill of exceptions shows any reversible error.

Bill of exceptions No. 2 complains of the fact that while appellant was a witness in his own behalf, the State was permitted to ask him if he had not at a prior time been convicted of turkey theft and given a suspended sentence of two years. When objection was made to this question the State's attorney

informed the court that he asked the question only for impeachment purposes, as affecting the credibility of the accused as a witness. We think no error is shown in the reception of this testimony. No effort was made by appellant to show that the two years had expired, and that he had had the suspended sentence set aside as is directed by statute.

The remaining bill of exceptions complains of the fact that while the jury were in retirement they came into open court and asked the trial judge if they found the defendant guilty in this case, whether he would have to serve out the two years suspended sentence given him in the turkey theft case. It appears from the bill that the court informed the jury that the only way appellant could be forced to serve out the two years suspended sentence would be for him to be found guilty of a felony and not a misdemeanor, and that this case had nothing to do with the turkey case, and the jury should not consider the turkey case in arriving at their verdict in this case. Appellant's complaint seems to be against the action of the court permitting the jury to come in and make the inquiry, and for the court to give them the information above referred to. The jury has a right to come into open court and propound to the court questions. We are not led to believe that the question propounded in this case, or the answer given by the court, could have had any injurious effect as influencing the verdict rendered in the case before us. We have no means of knowing what was in the minds of the jury. Nothing in the bill makes evident the fact that any improper influence moved the jury in the matter of finding appellant guilty or otherwise in the instant case, resulting from the question asked or the answer given by the court below.

Not being able to agree with appellant in any of his contentions, the judgment of the trial court is affirmed.

*Affirmed.*