RAY MOTEN V. THE STATE.

No. 20299. Delivered March 22, 1939.

The opinion states the case.

*Eldon Lee Bell,* of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Conviction is for unlawfully carrying a pistol; punishment assessed is a fine of $100.00.

Appellant challenges the sufficiency of the evidence to justify and sustain his conviction. The state's testimony, briefly stated, shows that about midnight of May 15, 1938, W. E. Worthy saw appellant going across the railroad tracks in the City of Dallas, and saw him shoot a pistol. He caught the appellant, took the pistol away from him and turned both appellant and the pistol over to a city policeman.

Appellant testified in his own behalf. He admitted having a pistol, but denied shooting it. He testified that a boy by the name of "Curley" came to the place where he was employed on said afternoon of the day in question and borrowed $1.50 from him. As security therefor, this boy turned over to him the pistol. That he worked until 12:15 A. M. and then started home. That he took the pistol with him, intending to leave it with his wife. The record discloses that appellant waived a jury and submitted all of the issue of fact to the court, who decided the same adversely to him. In such instances, the trial court is the sole judge of the credibility of the witnesses and the weight to be given to their testimony, and this court would not be authorized to disturb his judgment. In support of the conclusion reached, we refer to the cases of Kimbro v. State, 132 Tex. Crim. Rep., 65; Kirby v. State, 61 Tex. Crim. Rep., 1; 133 S. W. 682; O'Hara v. State, 167 S. W. 1113; Gee v. State, 87 S. W. (2d), 483.

Appellant also complains of the action of the court in overruling his motion for a new trial. He alleged in said motion that since the trial, he had located James Price, known as "Curley," who pawned the pistol to him on the afternoon prior to the night of his arrest. That the reason he did not have Price summoned was because he did not know his true name or where he lived. This is not newly discovered evidence. Nor is there any diligence shown on the part of appellant to locate the witness. No application for a continuance was made to secure the attendance of the witness. Hence, no reversible error is reflected by the bill.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.