**Michael Ray McQUEEN, Appellant,**

v.

**The STATE of Texas, State.**

No. 2–85–269–CR.

Court of Appeals of Texas,
Fort Worth.

Aug. 13, 1986.

Zachry, Kearney, Hill, Shaw, Beatty & Butcher, Allan K. Butcher, Fort Worth, for appellant.

Tim Curry, C. Chris Marshall and V. Paul Dickson, Fort Worth, for the State.

Before FENDER, C.J., and JOE SPUR-LOCK, II and HILL, JJ.

## OPINION

FENDER, Chief Justice.

This is an appeal from a conviction for unauthorized use of a vehicle. *See* TEX. PENAL CODE ANN. sec. 31.07 (Vernon 1974). Appellant, Michael Ray McQueen, was found guilty and was sentenced by the trial court under TEX. PENAL CODE ANN. sec. 12.44 (Vernon 1974) (reduction to Class A misdemeanor) to 12 days confinement in the county jail.

We affirm.

The case was tried on stipulated testimony after appellant filed a waiver of jury trial. The stipulated evidence included a written statement from appellant which stated that appellant had met Tim Eden who had a Honda motorcycle. It further stated that Eden said that the motorcycle belonged to him and that he had brought it to Texas from Oklahoma. The friend allowed appellant to drive the motorcycle to a bar. En route, appellant wrecked the motorcycle. Appellant then walked around until he got tired and went to sleep in the back of a parked car. In his statement, appellant denied stealing the motorcycle and maintained that he borrowed it from his friend, Eden, who claimed to be the owner of the motorcycle.

Other stipulated evidence showed that Officer Chris Denny of the Haltom City Police Department observed appellant asleep in the parked car. It appeared to Officer Denny that appellant had been involved in a motorcycle wreck because he had grass stains on his clothing and had various cuts and scrapes on his body. Immediately prior to finding appellant, Officer Denny had found the stolen, wrecked Honda in a field. The motorcycle had been

stolen from Bobby Akin, the rightful owner, who lived in Tarrant County, Texas.

At the conclusion of the stipulations, the State rested and appellant requested a finding of not guilty because "neither the statement or [sic] the stipulations contained any evidence the appellant had the requisite state of mind." The trial court found appellant guilty of unauthorized use of a motor vehicle but then suspended the felony verdict and entered a judgment finding him guilty of a Class A misdemeanor.

In his sole ground of error appellant contends that the trial court erred in finding appellant guilty when there was no evidence that appellant knew he was operating a vehicle without the effective consent of the owner.

■ Appellant was charged with violation of sec. 31.07 of the Texas Penal Code which states:

(a) A person commits an offense if he intentionally or knowingly operates another's boat, airplane, or motor-propelled vehicle without the effective consent of the owner.

(b) An offense under this section is a felony of the third degree.

See TEX. PENAL CODE ANN. sec. 31.07 (Vernon 1974). To convict under this section of the Penal Code the State need only prove (1) that a defendant operated a motor-propelled vehicle, (2) that he knew he was operating the vehicle and (3) that he did so without the permission of the owner. See Musgrave v. State, 608 S.W.2d 184, 189–91 (Tex.Crim.App.1980) (opinion on motion for rehearing).

■ Appellant contends that the case of Lynch v. State, 643 S.W.2d 737 (Tex.Crim. App.1983) (en banc), overrules Musgrave and holds that the State now has an additional burden of proving that a defendant charged under sec. 31.07 knew that the operation of the vehicle was without the effective consent of the owner. We disagree.

Lynch involved a defendant who was also convicted of unauthorized use of a motor vehicle. The trial was to a jury. As in the case before us, there was some evidence that the appellant in Lynch had permission from an acquaintance of his to drive the motor vehicle. The Court of Criminal Appeals said:

The question is whether the defensive evidence raised the issue of mistake of fact, because if it did appellant was entitled to an affirmative submission of the issue. [Citations omitted.]

. . . .

... Here appellant presented evidence that his use of the van was with the permission of the person who gave him the keys and who was apparently authorized to consent to use of the vehicle. To hold such innocent use is no defense would be to make Sec. 31.07, *supra*, a strict liability offense. The evidence raised the issue of whether appellant was operating under a mistake of fact. It was error to refuse the requested charge on that defense.

*Id.* at 738.

The case before us differs from Lynch because here, there was a trial to a court rather than to a jury. If the trial had been to a jury, appellant would have been entitled to an affirmative submission of an issue concerning mistake of fact. However, because the trial was to the court, we must assume that the trial court as the finder of fact considered the issue of mistake of fact as it was raised by appellant, and rejected it. See Musgrave, 608 S.W.2d at 190–91. The trial judge was not required to believe appellant's defensive evidence, even though it was not controverted. See Cortez v. State, 165 Tex.Cr.R. 320, 306 S.W.2d 713, 714 (1957); Moten v. State, 136 Tex.Cr.R. 477, 126 S.W.2d 479, 479 (1939); Bohn v. State, 651 S.W.2d 274, 275 (Tex. App.—Dallas 1983, no pet.). Appellant's ground of error is overruled.

The judgment is affirmed.