**Michael Ray McQUEEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 979–86.**

Court of Criminal Appeals of Texas, En Banc.

Nov. 8, 1989.

Rehearing Denied Dec. 13, 1989.

Allan K. Butcher, Fort Worth, for appellant.

Tim Curry, Dist. Atty., C. Chris Marshall and V. Paul Dickson, Asst. Dist. Attys., Fort Worth, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

MILLER, Judge.

Appellant was convicted in a trial before the court of the third degree felony offense of unauthorized use of a vehicle. V.T.C.A., Penal Code, Sec. 31.07. Pursuant to an agreement between the prosecutor and appellant's counsel, the trial judge set aside the verdict of guilty of the third degree felony, entered a judgment of guilty of a Class A misdemeanor, see V.T.C.A., Penal Code, Sec. 12.44, sentenced appellant to twelve days' confinement in the Tarrant County Jail, and gave appellant credit for time served. Appellant gave Notice of Appeal.

The court of appeals, in a published opinion, affirmed appellant's conviction and held that Sec. 31.07, supra, required the State to prove only that appellant operated a motor-propelled vehicle, that appellant knew he was operating the vehicle, and that appellant operated the vehicle without the owner's consent. *McQueen v. State,* 714 S.W.2d 142 (Tex.App.—Fort Worth 1986). The decision of the court of appeals was based upon *Musgrave v. State,* 608 S.W.2d 184 (Tex.Cr.App.1980) (Opinion of Rehearing). In his petition for discretionary review, appellant contends the court of appeals erred in holding that, in an unauthorized use of a vehicle case, the State is not required to prove that a defendant knew his operation of the motor vehicle was without the consent of the owner. Appellant maintains that the court of appeals' holding and *Musgrave* are in conflict with our holding in *Lynch v. State,* 643 S.W.2d 737 (Tex.Cr.App.1983). We granted appellant's petition to resolve the perceived conflict between *Musgrave* and *Lynch.* We will affirm the judgment of the court of appeals.

The relevant facts are as follows. At trial, appellant entered a plea of not guilty and was tried on stipulated evidence. The prosecutor and appellant's attorney agreed and stipulated that the vehicle ridden by appellant, leading to his arrest for unauthorized use of a vehicle, belonged to Bobby Akin, but it was stolen from Akin approximately one day prior to appellant's arrest. The prosecutor also dictated into the record the testimony which would have been given by the arresting officer and the detective who took a statement from appellant. Appellant's statement was then introduced into evidence by the State. It stated in pertinent part:

"I Michael R. McQueen compleeted (sic) the 11th grade and do read, write and understand the english language. I am giving this statement without any promise or threats being made or given to me. I walked to Tim Eden's house I think the address is 7021 Circle Wood. The house is near Fast Freddies in Woodhaven. Tim told me that the motorcycle (black 84 Honda Tx Lic. 4ZW 522) that he came ridding (sic) up on was his and it had been in Oklahoma where his parants (sic) had two donut shops and he just brought it back to Texas. He told me I could ride and I asked him if I could take it to the bar (Cowtown Country) where I was drinking right before I wrecked the bike out. I really do not know what I was doing on Jane Lane. I just know I lost control of the motorcycle and the bike and I went rolling out into the field. I thought Tim would be mad if any thing happened to his bike so I went walking. I found a Datsun with the door open and got inside of it and went to sleep. The next thing I know the police were waking me up and took me to jail. I did not steal the motor cycle (sic). I only borrowed it from Tim Eden to ride around...."

The trial judge found appellant guilty on the basis of this evidence.

The court of appeals, in accord with *Musgrave*, 608 S.W.2d 184, held that the State had met its burden of proof. *Musgrave* requires the State to prove three elements to support a conviction under Sec. 31.07, supra, to wit:

(1) that a defendant operated a motor-propelled vehicle; and

(2) that he knew he was operating the vehicle; and

(3) that he did so without the permission of the owner.

The court of appeals expressly disagreed with appellant's contention that our holding in *Lynch*, 643 S.W.2d 737, requires the State to additionally prove that a defendant knew that the operation of the vehicle was without the effective consent of the owner. The court of appeals found the *Lynch* decision inapplicable to the present case because it involved a jury trial and because the issue in *Lynch* was whether the evidence raised the issue of mistake of fact and entitled the defendant to a jury issue on that ground. At the same time, however, the court of appeals noted that had appellant's case been tried to a jury, he would have been entitled to an affirmative submission of an issue concerning mistake of fact under the holding in *Lynch*. See *McQueen*, 714 S.W.2d at 143. In his sole ground for review, appellant maintains that if *Lynch* was properly decided, the State must necessarily prove that appellant operated the motor vehicle *knowing* that such operation was without the owner's[1] effective consent. We agree.

The *Lynch* case is factually similar to the instant case. The defendant in *Lynch* presented evidence that his use of the vehicle was with the permission of an acquaintance who had given him keys to the vehicle. The defendant used the vehicle to pick up his motorcycle from a repair shop. We held that such evidence raised the defense of mistake of fact,[2] and the defendant was entitled to an affirmative submission of the defense raised by the evidence. As we stated in *Lynch*, supra at 738:

"... Here appellant presented evidence that his use of the van was with the permission of the person who gave him the keys and *who was apparently authorized to consent to use of the vehicle.* To hold such innocent use is no defense would be to make Sec. 31.07, supra, a strict liability offense. The evidence raised the issue of whether appellant was

---

1. We note under V.T.C.A. Penal Code, Sec. 1.07(a)(24), there can be many "owners" of the same vehicle. The effect of this fact will be addressed further on in this opinion.

2. This defense is provided for in V.T.C.A., Penal Code, Sec. 8.02, which states in relevant part:

(a) It is a defense to prosecution that the actor through mistake formed a reasonable belief about a matter of fact if his mistaken belief negated the *kind of culpability* required for commission of the offense. (emphasis supplied)

We have held that "kind of culpability" means "culpable mental state." See *Beggs v. State*, 597 S.W.2d 375, 378 (Tex.Cr.App.1980).

operating under a mistake of fact...." (emphasis added) [3]

The mistake of fact was the defendant's erroneous belief that he had the owner's consent to use the vehicle. Since a mistake of fact defense is available only if it negates the culpable mental state required for the commission of the underlying offense, see note 2, *infra,* such requisite mental state must pertain to the defendant's belief about the owner's effective consent. This is the only logical conclusion consistent with *Lynch* which we believe was correctly decided. Therefore, we hold that, in an unauthorized use of a motor vehicle case, a culpable mental state applies to whether the defendant knew his use of the motor vehicle was without the effective consent of the owner.

Our holding is based on more than a simple exercise in logic that results from upholding *Lynch,* however. We find support for our holding in the scheme of culpable mental states prescribed by Chapter 6 of the Penal Code and in a common-sense analysis of the offense itself.

To begin with, we have consistently recognized that V.T.C.A., Penal Code, Sec. 6.03 delineates three "conduct elements" which may be involved in an offense: (1) the nature of the conduct; (2) the result of the conduct; and (3) the circumstances surrounding the conduct. *Lugo–Lugo v. State,* 650 S.W.2d 72, 74 (Tex.Cr.App.1983); *Musgrave,* 608 S.W.2d at 191 (concurring opinion). See also *Alvarado v. State,* 704 S.W.2d 36, 38 (Tex.Cr.App.1985). An offense may contain any one or more of these "conduct elements" which alone or in combination form the overall behavior which the Legislature has intended to criminalize, and it is those essential "conduct elements" to which a culpable mental state must apply. See Sec. 6.03. For example, where specific acts are criminalized because of their very nature, a culpable mental state must apply to committing the act itself. See, e.g., V.T.C.A., Penal Code, Chapter 47 (gambling offenses). On the other hand, unspecified conduct that is criminalized because of its result requires culpability as to

that result. *Alvarado,* 704 S.W.2d at 39 (injury to a child); *Lugo–Lugo,* 650 S.W.2d at 81 (murder); *Kelly v. State,* 748 S.W.2d 236 (Tex.Cr.App.1988) (injury to an elderly individual). Likewise, where otherwise innocent behavior becomes criminal because of the circumstances under which it is done, a culpable mental state is required as to those surrounding circumstances. *McClain v. State,* 687 S.W.2d 350 (Tex.Cr. App.1985) (theft).

Section 31.07 describes the offense of unauthorized use of a motor vehicle as follows:

> a) A person commits an offense if he intentionally or knowingly operates another's boat, airplane, or motor-propelled vehicle without the effective consent of the owner.

Since operating another's motor-propelled vehicle is not criminal by its very nature this offense is not a "nature of conduct" type offense. Nor is it a "result" type offense since the statute does not prohibit any specific result of such operation. What makes the conduct unlawful is that it is done under certain circumstances, i.e., without the owner's permission. Therefore, the unauthorized use of a motor vehicle is a "circumstances" type offense, and the culpable mental state of "knowingly" must apply to those surrounding circumstances. As Judge Roberts expressed in his concurring opinion in *Musgrave,* 608 S.W.2d at 191:

> ... [A]ppellant's "defense" (that he had the owner's consent) did not create an additional element of the offense. That element of knowledge was created by the Penal Code's requirement that the proscribed culpable mental state be applied to each distinct element of the offense—including the requisite attendant circumstances.

The confusion concerning culpability in an unauthorized use of a motor vehicle case stems in part from the fact that the culpable mental state of "intentionally or knowingly" prescribed by the statutory language does not syntactically modify the

---

**3.** Implicit in our holding in *Lynch* is that Sec. 31.07 is *not* a strict liability offense.

circumstances surrounding the conduct but instead precedes the act of operating a vehicle. In *McClain*, supra, this Court faced the same dilemma with regard to the general theft statute found in Sec. 31.01 of the Penal Code.[4] Like Sec. 31.07, the theft statute prescribes a specific culpable mental state with regard to the unlawful appropriation of another's property, yet is silent with regard to the circumstances which make the appropriation unlawful. In response, we held:

> ... [W]hat separates lawful acquisitive conduct from theft is knowledge of a crucial "circumstance surrounding the conduct"—that the acquisition is "without the owner's consent." ... V.T.C.A. Penal Code, Sec. 6.03(b), requires proof of the actor's knowledge of that "circumstance surrounding the conduct:" that the conduct is "without the owner's consent." With this crucial feature, the actor's acquisitive conduct is clearly "unlawful."

*McClain*, supra at 354.

We find no difference in the problem posed in *McClain* and the one in the present case. With regard to Sec. 31.07, what separates lawful operation of another's motor vehicle from unauthorized use is the actor's knowledge of a "crucial circumstance surrounding the conduct"—that such operation is done without the effective consent of the owner. Accordingly, just as we held in *McClain* with regard to Sec. 31.01, we believe Sec. 6.03(b) requires proof of the actor's knowledge of this circumstance.

Further support for this proposition comes from V.T.C.A., Penal Code, Sec. 1.02(4), one of the basic objectives of the Penal Code:

4) to safeguard conduct that is without guilt from condemnation as criminal;

As pointed out in *Lynch*, without the requirement that an actor must be aware of this circumstance surrounding his conduct of operating the vehicle (that he does not have the owner's effective consent), Sec. 31.07 is effectively a strict liability offense. Thus, once the State proved that the vehicle was operated at all, the requisite mental state with regard to the nature of conduct would be self-proved, (we cannot foresee any time one would operate a vehicle unintentionally or unknowingly), and the defendant would be held liable regardless of anyone's awareness of the owner's consent or lack thereof. To require culpability only as to the otherwise lawful act of operating a vehicle wholly fails to "safeguard conduct that is without guilt from condemnation as criminal". Sec. 1.02(4), supra.

As discussed above, some form of culpability must apply to those "conduct elements" which make the overall conduct criminal. Therefore, we hold that Sec. 31.07 encompasses two "conduct elements", viz: that the defendant intentionally or knowingly operated a vehicle (nature of conduct) knowing that such operation was without the effective consent of the owner[5] (circumstances surrounding conduct). To the extent that *Musgrave* and its progeny are in conflict with this holding, they are overruled.

■ In the present case, the State proved at trial that appellant did not have the consent of Bobby Akin, the owner of the motorcycle, to operate the motorcycle. Akin's stipulated testimony that he had not given consent to appellant or anyone else to operate his motorcycle proved, from a sufficiency standpoint and as reflected by the fact finder's verdict, that the appellant

---

**4.** Sec. 31.01. supra, reads in pertinent part:
(a) a person commits an offense if he unlawfully appropriates property with intent to deprive the owner of property.
(b) Appropriation of property is unlawful if:
(1) it is without the owner's effective consent ...

**5.** As mentioned in fn. 1, we are aware that there may be multiple owners of the vehicle in question. Our holding should not be read to impose upon the State the burden of proving a defen-

dant's knowledge of the lack of consent of all possible owners. The State must prove at a minimum that the defendant knew he lacked the consent of the owner or owners named in the indictment. However, if the evidence presented by the defendant or the State raises an issue that a defendant received effective consent from any additional owners, a reasonable doubt on the issue requires that the defendant be acquitted. V.A.P.C. Sec. 2.03(d).

knew he did not have Akin's consent. As to the evidence of appellant's mistake of fact concerning the circumstances surrounding appellant's operation of the motorcycle, i.e., that appellant believed the owner of the motorcycle was Tim Eden and that he had Tim Eden's consent to operate the vehicle, the trial court was, as pointed out by the court of appeals, free to reject this evidence. *McQueen,* supra, 714 S.W.2d at 143.

The judgment of the court of appeals is therefore affirmed.

McCORMICK, P.J., and CLINTON, J., concur in the result.

BERCHELMANN, Justice, concurring.

While I join the majority opinion, I author this concurrence to emphasize that I treat the owner's stipulated testimony that no one had consent to use his motor vehicle as sufficient evidence to prove that appellant knew he did not have the owner's consent. See and compare *Gardner v. State,* 780 S.W.2d 259 (Tex.Cr.App.1989) (Berchelmann, J., dissenting).

Appellant's ability to have his mistake of fact defense as to this element of § 31.07 considered by the trier of fact negates any unfounded concern that § 31.07 is a "strict liability" statute. *Id.* See also *Lynch v. State,* 643 S.W.2d 737, 738 (Tex.Cr.App. 1983).

With this emphasized, I join the majority opinion.