# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00015-CR

**Ernest Smith, Jr., Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT
NO. 2041083, HONORABLE BOB PERKINS, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Appellant Ernest Smith, Jr., challenges the sufficiency of the evidence to support his conviction for unauthorized use of a vehicle. *See* Tex. Pen. Code Ann. § 31.07 (West 2003). He was convicted following a bench trial, sentenced to two years in state jail, and placed on community supervision. We will affirm the judgment of conviction.

Appellant contends that the evidence is legally insufficient to prove that he did not have the effective consent of the owner to operate the vehicle. The question presented is whether, viewing all the evidence in the light most favorable to the verdict, a rational trier of fact could have found this element of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 324 (1979); *Griffin v. State*, 614 S.W.2d 155, 158-59 (Tex. Crim. App. 1981).

On the morning of March 6, 2004, Craig Johnson's blue Suburban was stolen from his driveway. The following day, witnesses saw appellant driving the Suburban. All four of the vehicle's tires were flat, and the grill and outside mirrors were missing. As these witnesses watched, appellant parked the Suburban in the street and walked away with his passenger, Phyllis Harris, leaving the truck running. Appellant and Harris were arrested shortly thereafter. According to police testimony, the Suburban bore marks indicating forced entry, the steering column was broken, and it had been "hot wired" to start.

One of the investigating officers remembered seeing the Suburban earlier that day parked in Joe Patina's back yard, which was a few blocks from where the vehicle was abandoned. The officer did not notice the condition of the truck at that time. Both appellant and Harris testified that Patina had paid them $40 to remove the Suburban from his yard. Appellant said that Patina had started the truck, and he did not notice that it did not have a key until he tried to turn it off.

It is appellant's contention that Patina was an owner of the Suburban as a matter of law, and therefore he operated the vehicle with the owner's effective consent. He bases this contention on the penal code definition of "owner," which includes the person who "has title to the property, *possession of the property, whether lawful or not*, or a greater right to possession of the property than the actor." Tex. Pen. Code Ann. § 1.07(a)(35)(A) (West Supp. 2005) (emphasis added). He also relies on the court of criminal appeals' observation that a vehicle can have more than one "owner." *McQueen v. State*, 781 S.W.2d 600, 602 n.1 (Tex. Crim. App. 1989). In *McQueen*, the court wrote that in a prosecution for unauthorized use, the State must prove at a minimum that the defendant knew he lacked the consent of the owner named in the indictment, but

2

if the evidence raises an issue as to whether the defendant received effective consent from another owner, a reasonable doubt on the issue requires an acquittal. *Id*. at 604 n.5.[1] Appellant argues that the evidence does not support his conviction for unauthorized use of the Suburban because he had Patina's consent, and Patina was an owner of the Suburban because it was in his possession, whether lawfully or not.

We will not construe statutory language so as to reach an absurd result that the legislature could not possibly have intended. *See Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991). Under appellant's proposed reading of the penal code, a car thief could not be convicted for unauthorized use of the stolen vehicle because, by reason of the theft, the thief possessed the vehicle and hence owned it.[2] We are confident that this does not accurately reflect the collective intent of the legislature. We are equally confident that the legislature did not intend to exempt from prosecution a person who operates a stolen vehicle knowing that it was stolen merely because he had the thief's permission to do so. Nevertheless, we need not decide these matters because, as trier of fact, the trial court could disbelieve appellant's claim that he had Patina's consent to operate the Suburban. Moreover, even if the court believed that Patina gave the Suburban to appellant to dispose of as appellant testified, that act terminated Patina's possession of the Suburban and ended any ownership that might have arisen from that possession.

---

[1] In *McQueen*, the defendant claimed that he mistakenly believed that the person who gave him permission to operate the vehicle was the owner. *McQueen v. State*, 781 S.W.2d 600, 604-05 (Tex. Crim. App. 1989). In the instant cause, appellant is not asserting a mistake of fact. He contends that Patina *was* an owner.

[2] Under appellant's reading of the code, he could just as well assert that he was himself "owner" of the Suburban because it was in his possession while he drove it.

Viewing all the evidence in the light most favorable to the conviction, a rational trier of fact could find beyond a reasonable doubt that Craig Johnson owned the Suburban as alleged in the indictment, appellant operated the Suburban without Johnson's consent, appellant knew that the Suburban had been stolen, and appellant knew that he did not have the consent of the owner from whom the Suburban had been stolen. The evidence is legally sufficient to sustain appellant's conviction for unauthorized use of the vehicle.

The point of error is overruled and the judgment of conviction is affirmed.

_____

David Puryear, Justice

Before Justices B. A. Smith, Patterson and Puryear

Affirmed

Filed:   June 2, 2006

Do Not Publish