TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-05-00015-CR






Ernest Smith, Jr., Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT


NO. 2041083, HONORABLE BOB PERKINS, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



Appellant Ernest Smith, Jr., challenges the sufficiency of the evidence to support his
conviction for unauthorized use of a vehicle. See Tex. Pen. Code Ann. § 31.07 (West 2003). He
was convicted following a bench trial, sentenced to two years in state jail, and placed on community
supervision. We will affirm the judgment of conviction.

Appellant contends that the evidence is legally insufficient to prove that he did not
have the effective consent of the owner to operate the vehicle. The question presented is whether,
viewing all the evidence in the light most favorable to the verdict, a rational trier of fact could have
found this element of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 324
(1979); Griffin v. State, 614 S.W.2d 155, 158-59 (Tex. Crim. App. 1981).

On the morning of March 6, 2004, Craig Johnson's blue Suburban was stolen from
his driveway. The following day, witnesses saw appellant driving the Suburban. All four of the
vehicle's tires were flat, and the grill and outside mirrors were missing. As these witnesses watched,
appellant parked the Suburban in the street and walked away with his passenger, Phyllis Harris,
leaving the truck running. Appellant and Harris were arrested shortly thereafter. According to police
testimony, the Suburban bore marks indicating forced entry, the steering column was broken, and
it had been "hot wired" to start. 

One of the investigating officers remembered seeing the Suburban earlier that day
parked in Joe Patina's back yard, which was a few blocks from where the vehicle was abandoned. 
The officer did not notice the condition of the truck at that time. Both appellant and Harris testified
that Patina had paid them $40 to remove the Suburban from his yard. Appellant said that Patina had
started the truck, and he did not notice that it did not have a key until he tried to turn it off.

It is appellant's contention that Patina was an owner of the Suburban as a matter of
law, and therefore he operated the vehicle with the owner's effective consent. He bases this
contention on the penal code definition of "owner," which includes the person who "has title to the
property, possession of the property, whether lawful or not, or a greater right to possession of the
property than the actor." Tex. Pen. Code Ann. § 1.07(a)(35)(A) (West Supp. 2005) (emphasis
added). He also relies on the court of criminal appeals' observation that a vehicle can have more
than one "owner." McQueen v. State, 781 S.W.2d 600, 602 n.1 (Tex. Crim. App. 1989). In
McQueen, the court wrote that in a prosecution for unauthorized use, the State must prove at a
minimum that the defendant knew he lacked the consent of the owner named in the indictment, but
if the evidence raises an issue as to whether the defendant received effective consent from another
owner, a reasonable doubt on the issue requires an acquittal. Id. at 604 n.5. (1) Appellant argues that
the evidence does not support his conviction for unauthorized use of the Suburban because he had
Patina's consent, and Patina was an owner of the Suburban because it was in his possession, whether
lawfully or not.

We will not construe statutory language so as to reach an absurd result that the
legislature could not possibly have intended. See Boykin v. State, 818 S.W.2d 782, 785 (Tex. Crim.
App. 1991). Under appellant's proposed reading of the penal code, a car thief could not be convicted
for unauthorized use of the stolen vehicle because, by reason of the theft, the thief possessed the
vehicle and hence owned it. (2) We are confident that this does not accurately reflect the collective
intent of the legislature. We are equally confident that the legislature did not intend to exempt from
prosecution a person who operates a stolen vehicle knowing that it was stolen merely because he had
the thief's permission to do so. Nevertheless, we need not decide these matters because, as trier of
fact, the trial court could disbelieve appellant's claim that he had Patina's consent to operate the
Suburban. Moreover, even if the court believed that Patina gave the Suburban to appellant to
dispose of as appellant testified, that act terminated Patina's possession of the Suburban and ended
any ownership that might have arisen from that possession. 

Viewing all the evidence in the light most favorable to the conviction, a rational trier
of fact could find beyond a reasonable doubt that Craig Johnson owned the Suburban as alleged in
the indictment, appellant operated the Suburban without Johnson's consent, appellant knew that the
Suburban had been stolen, and appellant knew that he did not have the consent of the owner from
whom the Suburban had been stolen. The evidence is legally sufficient to sustain appellant's
conviction for unauthorized use of the vehicle.

The point of error is overruled and the judgment of conviction is affirmed.



 __________________________________________

 David Puryear, Justice

Before Justices B. A. Smith, Patterson and Puryear

Affirmed

Filed: June 2, 2006

Do Not Publish

1. In McQueen, the defendant claimed that he mistakenly believed that the person who gave him
permission to operate the vehicle was the owner. McQueen v. State, 781 S.W.2d 600, 604-05 (Tex.
Crim. App. 1989). In the instant cause, appellant is not asserting a mistake of fact. He contends that
Patina was an owner.
2. Under appellant's reading of the code, he could just as well assert that he was himself "owner"
of the Suburban because it was in his possession while he drove it.