Opinion filed July 13, 2006















 
 
  
 
 







 
 
  
 
 




Opinion filed July 13, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-05-00256-CR 

                                                     __________

 

                                    JOSE
ANGEL ROSAS, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,
Appellee

 



 

                                        On
Appeal from the 282nd District Court

 

                                                          Dallas County, Texas

 

                                            Trial
Court Cause No. F-0455768-LS

 



 

                                                                   O
P I N I O N

Jose Angel Rosas pleaded not guilty to the charge
of unauthorized use of a motor vehicle as alleged in the indictment. The jury
found him guilty.  The indictment also
alleged two enhancement paragraphs for two prior felonies.  Appellant pleaded true to these two
paragraphs, and the trial court sentenced him to ten years confinement in the
Institutional Division of the Texas Department of Criminal Justice.  We affirm. 

Background Facts 








Appellant was indicted for the unauthorized use of
a motor vehicle belonging to Anyelo Ramirez. 
Ramirez testified that he first noticed his 1995 Plymouth minivan was missing in the early
morning hours of September 3, 2004.  He
had parked the minivan in the street outside his apartment after driving it
home from work around 11:30 p.m.  Ramirez
testified that, when he got up to use the restroom around 1:00 a.m., he noticed
the minivan was missing.  He called the
police and gave them a description of the minivan along with the license plate
number and the VIN.  Around 4:30 a.m.,
Ramirez was notified that the police had found his minivan.  He went with the police to identify the
minivan and to determine if he knew the driver. 
Ramirez was able to identify the minivan but did not know the
driver.  He testified that he did not
give the driver his consent to use the minivan. Ramirez observed that the
passenger side window of the minivan was broken and that glass was on the
passenger seat and the floorboard.

                                                                  Issue
on Appeal

In appellant=s
sole issue on appeal, he asserts that the evidence is factually insufficient to
support his conviction because when viewed in a neutral light a rational juror
could have a reasonable doubt regarding whether appellant reasonably believed
he had the owner=s
consent.  

Standard of Review

To determine if the evidence is factually
sufficient, we must view the evidence in a neutral light.  Zuniga v. State, 144 S.W.3d 477 (Tex. Crim. App.
2004).  We will set aside the verdict
only if the evidence is so weak that the verdict is clearly wrong and manifestly
unjust or if the contrary evidence is so strong that the standard or proof
beyond a reasonable doubt could not have been met.  Id.
at 481.  Deference is given to the
jury verdict and to the determination of the credibility and demeanor of the
witness.  Id. at 481.

Is the Evidence Factually Sufficient?

A person commits the offense of unauthorized use
of motor vehicle if the person intentionally or knowingly operates another=s motor vehicle without the effective
consent of the owner.  Tex. Pen. Code Ann. ' 31.07(a) (Vernon 2003).  Appellant raises the defense of mistake of
fact. AIt is a
defense to prosecution that the actor through mistake formed a reasonable
belief about a matter of fact if his mistaken belief negated the kind of
culpability required for commission of the offense.@  Tex.
Pen. Code Ann. '
8.02(a) (Vernon 2003).  Whether or not
appellant=s
mistaken belief is reasonable is a issue for the trier of fact to decide.  Granger v. State, 3 S.W.3d 36 (Tex.
Crim. App. 1999).  








Appellant challenges the lack of consent element
of the offense. He contends that he had the consent from the person he thought
owned the minivan.   Appellant testified
at trial that he believed the owner to be a man named Gordo.  He further testified that Gordo had a key to
the minivan and let him borrow the minivan in exchange for Atwo dimes@
of cocaine.  Appellant said Gordo told
him that the passenger window was broken, and appellant observed broken glass
on the passenger seat and floorboard. 
Appellant testified that he did not find the broken window suspicious.  Appellant testified that he did not know
Gordo=s last
name or his exact address but knew he lived down the street from
appellant.  Appellant testified that he
did not know Gordo that well but knew he was a Adoper.@ 
Gordo did not testify at trial because appellant said he could not
locate him.  Officer Randy Mike Williams
testified that the minivan was first spotted about one mile from Ramirez=s apartment, the place it was
stolen.  Officer Williams identified
appellant as the person driving the minivan when he stopped it.  Appellant testified that he started driving
the minivan after 11:30 pm and that he drove the minivan for about three to
four hours before being stopped by the police. 
Appellant testified that he wanted to borrow the minivan in order to go
to his girlfriend=s dad=s house and get money to bail his
girlfriend out of jail.  Appellant did
not know where the dad lived and did not go to the house.  Appellant=s
testimony was the only support offered for his defense of mistake of fact.
Further, appellant testified that he had been convicted of burglary of a
building,  felony theft, and six
burglaries of a motor vehicle.

The jury was free to reject appellant=s contention that he believed that the
owner of the minivan was Gordo and that he had Gordo=s
consent to operate the minivan.  See
McQueen v. State, 781 S.W.2d 600 (Tex. Crim. App. 1989).  The jury is the sole judge of the credibility
of the witnesses and of the weight to be given their testimony and is free to
accept one version of the facts and reject another.  Tex.
Code Crim. Proc. Ann. art. 36.13 (Vernon
1981).  Appellant was unable to provide
any identifying information regarding Gordo, thus, making his story less
believable.  








Appellant was first seen driving the minivan about
one mile from the place it was stolen. 
The time frame that appellant was in possession of the minivan fits the
time frame of when it was stolen.  Viewing
all the evidence in a neutral light, we determine that the evidence supporting
guilt is not so weak as to render the conviction for unauthorized use of a
motor vehicle clearly wrong and manifestly unjust and that the evidence
supporting guilt is not so greatly outweighed by the overwhelming weight of the
contrary evidence as to render the conviction clearly wrong and manifestly
unjust.  Appellant=s
issue on appeal is overruled. 

Conclusion

The trial court=s
judgment is affirmed. 

 

 

RICK
STRANGE        

JUSTICE

 

July 13, 2006

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J., and

McCall,
J., and Strange, J.