# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00750-CR

**James Michael O'Donnell, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BASTROP COUNTY, 21ST JUDICIAL DISTRICT NO. 11,517, HONORABLE REVA TOWSLEE CORBETT, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant James Michael O'Donnell guilty of the unauthorized use of a vehicle and assessed punishment at two years in state jail and a $7,500 fine. *See* Tex. Penal Code Ann. § 31.07 (West 2003). In a single issue, appellant contends that the trial court erred by admitting extraneous offense evidence. We find this contention to be without merit and affirm the conviction.

Monica Carson testified that on December 24, 2004, she and her family returned to their Bastrop County home from a ten-day vacation to discover that it had been burglarized during their absence. The thief or thieves had taken video discs, jewelry, blank personal checks, a chain saw, and a 2004 GMC pickup truck, the keys to which were kept in the laundry room of the house. The truck was equipped with a global positioning system that enabled investigators to locate it that same day, parked outside Kaylyn Yarbrough's house. Appellant, who was temporarily living with Yarbrough, told the officers that he was the driver of the truck. Appellant told Investigator Arnold

Gonzalez that a man named Tony, who was either white or Hispanic, was allowing him to use the truck in exchange for crack cocaine. Appellant later gave a videotaped statement to Investigator Robert Torres in which he described Tony as a black man.

Yarbrough testified that appellant had been driving the truck for about a week. She said that appellant told her that the truck belonged to his girlfriend's father. Another witness said that appellant told him that the truck belonged to his girlfriend, and a third witness testified that appellant said that the truck belonged to his employer.

Appellant contends that the trial court erred by allowing the State to introduce evidence that on December 16 and 22, 2004, he sold or pawned jewelry and other items stolen from the Carson residence. He also complains of the admission of evidence that on December 22, he cashed a forged check drawn on the Carson bank account.

Evidence of other crimes or bad acts committed by an accused is not admissible simply to prove his bad character, but it may be admissible for other purposes, such as to prove the accused's knowledge or intent. Tex. R. Evid. 404(b). Even relevant evidence may be excluded if its probative value is outweighed by the danger of unfair prejudice. Tex. R. Evid. 403. We review the trial court's decision to admit evidence for an abuse of discretion. *Montgomery v. State*, 810 S.W.2d 372, 390 (Tex. Crim. App. 1991) (op. on reh'g).

In a prosecution for unauthorized use of a vehicle, the State must prove that the accused knew that he did not have the owner's effective consent to operate the vehicle. *See McQueen v. State*, 781 S.W.2d 600, 603 (Tex. Crim. App. 1989). It was appellant's claim, made first to the investigating officers and then advanced as a defense at his trial, that he had "rented" the

2

pickup truck in exchange for drugs. The court's charge included an instruction on mistake of fact. *See* Tex. Penal Code Ann. § 8.02 (West 2003).

By linking appellant to the Carson burglary either as a participant or otherwise, the evidence that appellant sold stolen property and passed one of the stolen checks was relevant to prove that appellant knew that the pickup was stolen and tended to rebut the mistake of fact defense. Because the evidence had relevance beyond mere character conformity, we hold that the trial court did not abuse its discretion by admitting the evidence over appellant's rule 404(b) objection. *See Montgomery*, 810 S.W.2d at 391. We also hold that the trial court reasonably concluded that the probative value of the challenged evidence outweighed the danger that it might impress the jury in some irrational way and did not abuse its discretion by overruling appellant's rule 403 objection. *See id*. at 392-93.

We overrule appellant's point of error and affirm the judgment of conviction.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Patterson and Pemberton

Affirmed

Filed:  March 1, 2007

Do Not Publish