02-10-295,296,297-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00295-CR

NO. 02-10-00296-CR

NO. 02-10-00297-CR

 

 


 
 
 Matthew Bragdon
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

----------

FROM THE 432nd
District Court OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

          These
appeals arise from three convictions resulting from a jury trial (unlawful
possession of a firearm, 02-10-00295-CR (trial court Cause No. 1178620D),
unauthorized use of a vehicle, 02-10-00296-CR (trial court Cause No. 1178621D),
and tampering with a witness, 02-10-00297-CR (trial court Cause No. 1197454D)),
wherein the jury assessed punishment at fifteen (15), ten (10), and five (5)
years’ confinement, respectively.  The trial court sentenced appellant
accordingly.  In his sole issue, appellant challenges the sufficiency of the
evidence to support the unauthorized use of a vehicle conviction.  He lodges no
complaint concerning the other two convictions.  In a crosspoint, the State
contends that the judgment in trial court Cause No. 1178620D (the unlawful
possession of a firearm conviction) mistakenly reflects that appellant entered
a plea of guilty, when in fact he entered a plea of not guilty.  No party
complains of the conviction of tampering with a witness; we therefore affirm
the trial court’s judgment in Cause No. 1197454D.  Because the evidence is
sufficient to support appellant’s conviction for unauthorized use of a vehicle,
we also affirm the trial court’s judgment in Cause No. 1178621D.  But we agree
with the State that the judgment for unlawful possession of a firearm should be
modified; we therefore affirm the trial court’s judgment in Cause No. 1178620D
as modified.

Facts

          On
November 2, 2009, Fort Worth Police Officer Robert Ellis responded to a domestic
disturbance report at 10000 Leatherwood.  At that scene, Officer Ellis
handcuffed appellant and put him in the patrol car.  The officer then went over
to inspect a gray Dodge pickup truck parked adjacent to the complainant’s
house.  Through the driver’s side window, Officer Ellis saw a pistol lying on
the driver’s side of the seat.  Dixie Valdez, the complainant in the domestic
disturbance call and apparently appellant’s former girlfriend, told Officer Ellis
that she thought the Dodge pickup might be stolen.  So Officer Ellis ran the
license plates and the VIN number.  He learned from the VIN number that the
truck had been stolen a few days earlier.  Officer Ellis sent Officer Spivey to
an address that was shown for the plates, and it was discovered that the plates
had been switched with those of another gray Dodge pickup.  Appellant was then
arrested for unauthorized use of a vehicle and possession of a firearm by a
felon.  While appellant was sitting in the patrol car, he sent a text message
to Valdez asking her to remove the gun from the pickup truck and hide it.  While
appellant was in jail awaiting trial, he sent Valdez a letter in which he
offered her money if she and her best friend, Melanie Spear, would falsely
testify that his friend Daniel had left the stolen pickup truck parked next to
her house and that appellant had never driven it.

          Valdez
told Detective J.L. Hill that appellant had told her that the truck was stolen
and that he was having to get rid of it, but that he was unlikely to get caught
because his accomplice, Daniel, had switched the license plates.  Spear was present
with Valdez on the day that appellant was arrested and overheard a voicemail
message from appellant intended for Valdez, in which appellant spoke of killing
himself by running his stolen truck off a road or by shooting himself with a
gun that he had.  Additionally, appellant gave a written statement to police in
which he admitted that he knew the truck was stolen but said that Daniel stole
it and brought it to appellant’s house with the gun already in the front seat.

          In
a rather curious brief, appellant, in his sole issue, alleges that the evidence
was factually insufficient to support the conviction.  In the body of his
brief, however, he argues that the evidence was legally insufficient to support
the conviction for unauthorized use of a vehicle.  This latter argument by appellant
was perhaps occasioned by the Texas Court of Criminal
Appeals’s decision in Brooks v. State, 323 S.W.3d 893 (Tex. Crim.
App. 2010).  In Brooks, the Texas Court of Criminal Appeals jettisoned
the factual sufficiency concept of measuring sufficiency of the evidence and in
doing so, returned to a single yardstick for measuring sufficiency equivalent
to that found in Jackson v. Virginia, 443 U.S. 307, 99 S. Ct. 2781
(1979), viz: whether any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt, when viewing the evidence in a
light most favorable to the prosecution.  Brooks, 323 S.W.3d at
902 (citing Jackson, 443 U.S. at 319, 99 S. Ct. at 2789); see
also Wirth v. State, 327 S.W.3d 164, 165 (Tex. Crim. App. 2010)
(remanding a case that the court of appeals had reversed for factual
insufficiency and ordering that court to reconsider its decision in light of Brooks).

Standard
of Review

          As previously
mentioned, we review the evidence in a light most favorable to the prosecution,
or verdict, as it is sometimes stated.  The trier of fact is responsible for
resolving conflicts in the testimony, weighing the evidence, and drawing
reasonable inferences from basic facts to ultimate facts.  Jackson, 443
U.S. at 319, 99 S. Ct. at 2789.  The trier of fact is the sole judge of the
weight and credibility of the evidence. See Tex. Code Crim. Proc. Ann.
art. 38.04 (West 1979).  As a reviewer on appeal, an appellate court may not
re-evaluate the weight and credibility of the evidence and substitute its
judgment for that of the factfinder.  Dewberry v. State, 4 S.W.3d
735, 740 (Tex. Crim. App. 1999), cert. denied, 529 U.S. 1131 (2000).  A
reviewing court must presume that the factfinder resolved any conflicting
inferences in favor of the prosecution and defer to that resolution.  Jackson,
443 U.S. at 326, 99 S. Ct. at 2793.[2]

Elements
of Unauthorized Use

          To
prove unauthorized use of a motor vehicle, the State was required to show that appellant
intentionally or knowingly operated a vehicle without the effective consent of
the owner.  See Tex. Penal Code Ann. § 31.07(a) (West 2011).  In a
prosecution for unauthorized use, the State must prove that appellant was aware
that he lacked the consent of the vehicle’s owner.  McQueen v. State,
781 S.W.2d 600, 604 & n.5 (Tex. Crim. App. 1989).  It is not necessary
that the State plead and prove lack of consent by all parties when there are
multiple owners.  It is only necessary that the State prove lack of consent by
the owner or owners named in the indictment.  Id.

Arguments
of Parties

          Appellant
argues that the evidence at trial was insufficient to prove lack of effective
consent because the listed owner of the truck in the indictment, Jeremy Lang,
did not testify at trial.  Instead, the State offered the testimony of Julie
Lang, Jeremy Lang’s wife, who is a co-owner of the truck but not named in the
indictment as such.  Julie Lang testified that she did not give appellant
consent to operate the truck but that she did not know if Jeremy gave appellant
consent.  Appellant avers that the missing testimony of Jeremy Lang renders the
evidence insufficient to sustain the conviction.  Although the State initially
contends that it showed through Julie Lang that Jeremy Lang did not give appellant
consent to operate the truck, Julie Lang actually testified that she was not
aware of any consent given by her husband.  However, the State avers that there
was other evidence that such consent from Jeremy Lang did not exist.  We agree
with this contention.

          Valdez
testified that appellant told her that he and Daniel “hit some licks,”
inferring that they committed some “robberies,” that appellant was present when
Daniel stole the Dodge truck, and that the two of them broke into some cars.  Daniel
brought the Dodge truck to her house for safekeeping, and Valdez saw appellant
drive it numerous times.  Appellant told her that the truck was stolen and that
he and Daniel had switched the license plates to prevent getting caught.  She
also testified about the letter she received from appellant wherein he offered
her money to lie about the circumstances surrounding the truck.  The letter was
admitted in to evidence at trial.

          Spear
testified that, while at Valdez’s house, she heard appellant’s voicemail in
which he talked about killing himself by running off a road in a stolen pickup
truck.  Additionally, even in his handwritten statement to Detective Hill, appellant
admitted that he knew the truck was stolen.  He never mentioned to anyone,
including Valdez, Spear, and Detective Hill, that he had received consent to
take or drive the Dodge pickup truck from either Jeremy or Julie Lang.  Thus,
the evidence was abundantly sufficient to satisfy any rational trier of fact
beyond a reasonable doubt that the Dodge truck was taken without the consent of
Jeremy Lang.  Appellant’s sole issue is overruled.

Modification
of Judgment

          In
a crosspoint, the State contends that the judgment in Cause No. 1178620D (for
unlawful possession of a firearm) erroneously shows that appellant entered a
plea of guilty, rather than not guilty.  We have examined the reporter’s record,
and it shows that appellant entered a plea of not guilty when arraigned before
the jury.  The trial court’s docket sheet reflects that appellant entered a
plea of not guilty to count one of the indictment (Cause No. 1178620D), and the
record further reflects that the trial court instructed the jury that appellant
had pled not guilty to said charge.

          An
appellate court has authority to modify a judgment to make the record speak the
truth when the matter has been called to its attention by any source.  Tex. R.
App. P. 43.2(b); see French v. State, 830 S.W.2d 607, 609 (Tex.
Crim. App. 1992).  It is clear from the appellate record that an error was made
in the judgment and that appellant pled not guilty to the charge of unlawfully possessing
a firearm.  The State has requested this court to modify the judgment and make
it speak the truth.  Appellant takes no position in the record or his brief as
to the State’s crosspoint.  We sustain the State’s crosspoint.  We modify the
trial court’s judgment in Cause No. 1178620D to reflect that appellant pled not
guilty, rather than guilty, to the offense charged in the indictment, unlawful possession
of a firearm.

Conclusion

          Because
no party complains of the conviction of tampering with a witness, we affirm the
trial court’s judgment in Cause No. 1197454D (02-10-00297-CR).  Having held the
evidence sufficient to support appellant’s conviction for unauthorized use of a
vehicle, we also affirm the trial court’s judgment in Cause No. 1178621D
(02-10-00296-CR).  We agree with the State that the judgment for unlawful
possession of a firearm should be modified by changing the language to reflect
a plea of not guilty instead of a guilty plea, and we affirm the trial court’s
judgment in Cause No. 1178620D (02-10-00295-CR) as modified.

 

 

PER
CURIAM

PANEL: 
CHARLES F.
CAMPBELL (Senior Judge, Retired, Sitting by Assignment); LIVINGSTON, C.J.; and GABRIEL,
J.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  June 23, 2011









[1]See Tex. R. App. P. 47.4.





[2]Whether one subscribes to
the lead opinion in Brooks (concluding that the standard in Jackson
was substantially the same as that in Clewis v. State, 922 S.W.2d 126
(Tex. Crim. App. 1996), overruled by Brooks, 323 S.W.3d at 895),
or to the concurring opinion (concluding that Clewis was simply
wrongly decided in its creation of a concept of semi-sufficiency of
the evidence), what remains indisputable is that there is now only one standard
of review under Jackson for sufficiency, and giving it a name is
not necessary.  Additionally, it is logical that appellate courts now return to
cases analyzing “legal sufficiency” for precedential reliance whenever a
challenge to sufficiency is lodged.