

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-11-00125-CR
_____

CHAD MICHAEL HAYS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 196th Judicial District Court
Hunt County, Texas
Trial Court No. 25587

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Chad Michael Hays was indicted for offenses under the Texas Securities Act. *See* TEX. REV. CIV. STAT. ANN. art. 581-29.[1] Three indictments charged multiple offenses, all alleging improprieties regarding the sale or offer for sale of interests in oil wells in northeast Texas. This particular appeal concerns Hays' conviction for selling or offering for sale securities where Hays was not an authorized dealer or agent to make such sales or offers. TEX. REV. CIV. STAT. ANN. art. 581-29(A). In a companion case,[2] we address Hays' conviction for a similar offense, charging him with selling or offering for sale securities that were not registered with the Texas Securities Board. TEX. REV. CIV. STAT. ANN. art. 581-29(B). But for the difference in the two subsections of Article 581.29, i.e. (A), dealing with the seller of the securities not being registered, and (B) criminalizing the selling or offer of unregistered securities, the issues in cause number 06-11-00124-CR and the instant case are the same.[3]

Hays' first point of error complains the State was required to prove both that Hays knew the interests in the oil wells he sold and offered for sale were securities, as defined by the Texas Securities Act. *See* TEX. REV. CIV. STAT. ANN. art. 581-4(A) (West 2010). As in cause number 06-11-00124-CR, we reject Hays' argument he was convicted under a strict liability offense, and we reject his claim that Article 581-29(B) is a "circumstances of the offense" crime. *See* TEX.

---

[1]*Amended by* Act of May 18, 2011, 82nd Leg., R.S., ch. 523, § 2, 2011 Tex. Sess. Law Serv. 1298, 1299 (West 2011).

[2]*Hays v. State*, cause number 06-11-00124-CR, released on even date herewith. There is a third case, cause number 06-11-00126-CR, addressing Hays' conviction under TEX. REV. CIV. STAT. ANN. art. 581-29(C), which concerns fraud in the course of selling or offering for sale securities.

[3]We direct the reader to our opinion in cause number 06-11-00124-CR for a summary of facts and evidence relevant to this appeal.

PENAL CODE ANN. § 6.03 (West 2011); *McQueen v. State*, 781 S.W.2d 600, 603 (Tex. Crim. App. 1989); *Lugo-Lugo v. State*, 650 S.W.2d 72, 74 (Tex. Crim. App. 1983).

Because we find the sale of securities by an unregistered agent or dealer a nature of the conduct offense, we find the State had to prove that Hays knowingly engaged in the prohibited conduct: that is, that he knowingly offered for sale and did sell to the various investors or clients listed in the indictment, a security, i.e., interest in an oil well. As summarized in cause number 06-11-00124-CR, we find the evidence sufficient to prove Hays knowingly offered for sale such securities. We overrule Hays' first point of error.

For the reasons stated in cause number 06-11-00124-CR, we also reject Hays' other points of error: we find no error in the trial court's charge; Hays has not established trial counsel was ineffective for failing to request an instruction on mistake of fact; unobjected-to evidence from various investors was sufficient to prove Hays sold them securities; and venue in Hunt County was sufficiently proved.

We do agree with Hays' contention the judgments should be modified.[4] Each of the eight judgments (reflecting the eight counts for which he was convicted) state Hays was convicted of "FRAUD SELL SECURITIES," but also state he was convicted of violating Article 581-29(A) of the Securities Act. Fraudulent conduct in connection with sale or offer of sale of securities is addressed in Article 581-29(C). TEX. REV. CIV. STAT. ANN. art. 581-29(C). Hays was convicted under that statute, but under a separate indictment, and that conviction is addressed in our

---

[4]Appellate courts have the authority to modify the judgment to make the record speak the truth when the matter has been called to its attention by any source. *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *see also* TEX. R. APP. P. 43.2(b).

opinion in cause number 06-11-00126-CR. We modify the judgments to state that Hays was convicted of selling securities without being a registered agent or dealer. *See* TEX. REV. CIV. STAT. ANN. art. 581-29(A).

We affirm the trial court's judgments and sentences, as modified.


Bailey C. Moseley
Justice

Date Submitted:     April 3, 2012
Date Decided:       June 11, 2012

Do Not Publish

4