

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0383-14

**ERIC RAY PRICE, Appellant**

**v.**

**THE STATE OF TEXAS**

## ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE TENTH COURT OF APPEALS
## HAMILTON COUNTY

**MEYERS, J., filed a dissenting opinion.**

### D I S S E N T I N G   O P I N I O N

I do not agree with majority's decision that assault by occlusion is a result-of-conduct offense only. The majority's conclusion that the strangulation is not the gravamen of this offense is incorrect. The strangulation is the only thing that changed this offense from a misdemeanor to a felony, which clearly demonstrates that the gravamen of assault by occlusion is the conduct of strangling. The requirement that the defendant have strangled the victim "by applying pressure to the person's throat or neck or by blocking the person's nose

or mouth" describes the nature of the conduct, and therefore, a culpable mental state must apply to it. *McQueen v. State*, 781 S.W.2d 600, 603 (Tex. Crim. App. 1989).

Error in the jury charge causes egregious harm when it affects the basis of the case or deprives the defendant of a valuable right. *Almanza v. State*, 686 S.W.2d 157, 172 (Tex. Crim. App. 1985). Failure to tailor the charge to include a culpable mental state for the nature of the conduct likely caused egregious harm to Appellant. Because I would grant Appellant relief and reverse the judgment of the court of appeals, I respectfully dissent.

Meyers, J.

Filed: April 15, 2015

Publish