

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

**NO. 02-10-00295-CR**
**NO. 02-10-00296-CR**
**NO. 02-10-00297-CR**

MATTHEW BRAGDON                                                    APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

----------

FROM THE 432ND DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

These appeals arise from three convictions resulting from a jury trial (unlawful possession of a firearm, 02-10-00295-CR (trial court Cause No. 1178620D), unauthorized use of a vehicle, 02-10-00296-CR (trial court Cause No. 1178621D), and tampering with a witness, 02-10-00297-CR (trial court Cause No. 1197454D)), wherein the jury assessed punishment at fifteen (15), ten (10), and five (5) years' confinement, respectively. The trial court sentenced

---

[1]*See* Tex. R. App. P. 47.4.

appellant accordingly. In his sole issue, appellant challenges the sufficiency of the evidence to support the unauthorized use of a vehicle conviction. He lodges no complaint concerning the other two convictions. In a crosspoint, the State contends that the judgment in trial court Cause No. 1178620D (the unlawful possession of a firearm conviction) mistakenly reflects that appellant entered a plea of guilty, when in fact he entered a plea of not guilty. No party complains of the conviction of tampering with a witness; we therefore affirm the trial court's judgment in Cause No. 1197454D. Because the evidence is sufficient to support appellant's conviction for unauthorized use of a vehicle, we also affirm the trial court's judgment in Cause No. 1178621D. But we agree with the State that the judgment for unlawful possession of a firearm should be modified; we therefore affirm the trial court's judgment in Cause No. 1178620D as modified.

**Facts**

On November 2, 2009, Fort Worth Police Officer Robert Ellis responded to a domestic disturbance report at 10000 Leatherwood. At that scene, Officer Ellis handcuffed appellant and put him in the patrol car. The officer then went over to inspect a gray Dodge pickup truck parked adjacent to the complainant's house. Through the driver's side window, Officer Ellis saw a pistol lying on the driver's side of the seat. Dixie Valdez, the complainant in the domestic disturbance call and apparently appellant's former girlfriend, told Officer Ellis that she thought the Dodge pickup might be stolen. So Officer Ellis ran the license plates and the VIN number. He learned from the VIN number that the truck had been stolen a few

2

days earlier. Officer Ellis sent Officer Spivey to an address that was shown for the plates, and it was discovered that the plates had been switched with those of another gray Dodge pickup. Appellant was then arrested for unauthorized use of a vehicle and possession of a firearm by a felon. While appellant was sitting in the patrol car, he sent a text message to Valdez asking her to remove the gun from the pickup truck and hide it. While appellant was in jail awaiting trial, he sent Valdez a letter in which he offered her money if she and her best friend, Melanie Spear, would falsely testify that his friend Daniel had left the stolen pickup truck parked next to her house and that appellant had never driven it.

Valdez told Detective J.L. Hill that appellant had told her that the truck was stolen and that he was having to get rid of it, but that he was unlikely to get caught because his accomplice, Daniel, had switched the license plates. Spear was present with Valdez on the day that appellant was arrested and overheard a voicemail message from appellant intended for Valdez, in which appellant spoke of killing himself by running his stolen truck off a road or by shooting himself with a gun that he had. Additionally, appellant gave a written statement to police in which he admitted that he knew the truck was stolen but said that Daniel stole it and brought it to appellant's house with the gun already in the front seat.

In a rather curious brief, appellant, in his sole issue, alleges that the evidence was factually insufficient to support the conviction. In the body of his brief, however, he argues that the evidence was legally insufficient to support the conviction for unauthorized use of a vehicle. This latter argument by appellant

3

was perhaps occasioned by the Texas Court of Criminal Appeals's decision in *Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010). In *Brooks,* the Texas Court of Criminal Appeals jettisoned the factual sufficiency concept of measuring sufficiency of the evidence and in doing so, returned to a single yardstick for measuring sufficiency equivalent to that found in *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781 (1979), viz: whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, when viewing the evidence in a light most favorable to the prosecution. *Brooks*, 323 S.W.3d at 902 (citing *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789); *see also Wirth v. State*, 327 S.W.3d 164, 165 (Tex. Crim. App. 2010) (remanding a case that the court of appeals had reversed for factual insufficiency and ordering that court to reconsider its decision in light of *Brooks*).

**Standard of Review**

As previously mentioned, we review the evidence in a light most favorable to the prosecution, or verdict, as it is sometimes stated. The trier of fact is responsible for resolving conflicts in the testimony, weighing the evidence, and drawing reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789. The trier of fact is the sole judge of the weight and credibility of the evidence. *See* Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979). As a reviewer on appeal, an appellate court may not re-evaluate the weight and credibility of the evidence and substitute its judgment for that of the factfinder. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), *cert.*

*denied*, 529 U.S. 1131 (2000). A reviewing court must presume that the factfinder resolved any conflicting inferences in favor of the prosecution and defer to that resolution. *Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793.[2]

## Elements of Unauthorized Use

To prove unauthorized use of a motor vehicle, the State was required to show that appellant intentionally or knowingly operated a vehicle without the effective consent of the owner. *See* Tex. Penal Code Ann. § 31.07(a) (West 2011). In a prosecution for unauthorized use, the State must prove that appellant was aware that he lacked the consent of the vehicle's owner. *McQueen v. State*, 781 S.W.2d 600, 604 & n.5 (Tex. Crim. App. 1989). It is not necessary that the State plead and prove lack of consent by all parties when there are multiple owners. It is only necessary that the State prove lack of consent by the owner or owners named in the indictment. *Id.*

## Arguments of Parties

Appellant argues that the evidence at trial was insufficient to prove lack of effective consent because the listed owner of the truck in the indictment, Jeremy

---

[2]Whether one subscribes to the lead opinion in *Brooks* (concluding that the standard in *Jackson* was substantially the same as that in *Clewis v. State,* 922 S.W.2d 126 (Tex. Crim. App. 1996), *overruled by Brooks*, 323 S.W.3d at 895), or to the concurring opinion (concluding that *Clewis* was simply wrongly decided in its creation of a concept of semi-sufficiency of the evidence), what remains indisputable is that there is now only one standard of review under *Jackson* for sufficiency, and giving it a name is not necessary. Additionally, it is logical that appellate courts now return to cases analyzing "legal sufficiency" for precedential reliance whenever a challenge to sufficiency is lodged.

Lang, did not testify at trial. Instead, the State offered the testimony of Julie Lang, Jeremy Lang's wife, who is a co-owner of the truck but not named in the indictment as such. Julie Lang testified that she did not give appellant consent to operate the truck but that she did not know if Jeremy gave appellant consent. Appellant avers that the missing testimony of Jeremy Lang renders the evidence insufficient to sustain the conviction. Although the State initially contends that it showed through Julie Lang that Jeremy Lang did not give appellant consent to operate the truck, Julie Lang actually testified that she was not aware of any consent given by her husband. However, the State avers that there was other evidence that such consent from Jeremy Lang did not exist. We agree with this contention.

Valdez testified that appellant told her that he and Daniel "hit some licks," inferring that they committed some "robberies," that appellant was present when Daniel stole the Dodge truck, and that the two of them broke into some cars. Daniel brought the Dodge truck to her house for safekeeping, and Valdez saw appellant drive it numerous times. Appellant told her that the truck was stolen and that he and Daniel had switched the license plates to prevent getting caught. She also testified about the letter she received from appellant wherein he offered her money to lie about the circumstances surrounding the truck. The letter was admitted in to evidence at trial.

Spear testified that, while at Valdez's house, she heard appellant's voicemail in which he talked about killing himself by running off a road in a stolen

6

pickup truck. Additionally, even in his handwritten statement to Detective Hill, appellant admitted that he knew the truck was stolen. He never mentioned to anyone, including Valdez, Spear, and Detective Hill, that he had received consent to take or drive the Dodge pickup truck from either Jeremy or Julie Lang. Thus, the evidence was abundantly sufficient to satisfy any rational trier of fact beyond a reasonable doubt that the Dodge truck was taken without the consent of Jeremy Lang. Appellant's sole issue is overruled.

**Modification of Judgment**

In a crosspoint, the State contends that the judgment in Cause No. 1178620D (for unlawful possession of a firearm) erroneously shows that appellant entered a plea of guilty, rather than not guilty. We have examined the reporter's record, and it shows that appellant entered a plea of not guilty when arraigned before the jury. The trial court's docket sheet reflects that appellant entered a plea of not guilty to count one of the indictment (Cause No. 1178620D), and the record further reflects that the trial court instructed the jury that appellant had pled not guilty to said charge.

An appellate court has authority to modify a judgment to make the record speak the truth when the matter has been called to its attention by any source. Tex. R. App. P. 43.2(b); see *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992). It is clear from the appellate record that an error was made in the judgment and that appellant pled not guilty to the charge of unlawfully possessing a firearm. The State has requested this court to modify the judgment and make it

7

speak the truth. Appellant takes no position in the record or his brief as to the State's crosspoint. We sustain the State's crosspoint. We modify the trial court's judgment in Cause No. 1178620D to reflect that appellant pled not guilty, rather than guilty, to the offense charged in the indictment, unlawful possession of a firearm.

## Conclusion

Because no party complains of the conviction of tampering with a witness, we affirm the trial court's judgment in Cause No. 1197454D (02-10-00297-CR). Having held the evidence sufficient to support appellant's conviction for unauthorized use of a vehicle, we also affirm the trial court's judgment in Cause No. 1178621D (02-10-00296-CR). We agree with the State that the judgment for unlawful possession of a firearm should be modified by changing the language to reflect a plea of not guilty instead of a guilty plea, and we affirm the trial court's judgment in Cause No. 1178620D (02-10-00295-CR) as modified.

PER CURIAM

PANEL: CHARLES F. CAMPBELL (Senior Judge, Retired, Sitting by Assignment); LIVINGSTON, C.J.; and GABRIEL, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: June 23, 2011

8