**Affirmed and Memorandum Opinion filed April 24, 2012.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-11-00160-CR

---

### DERRICK DASHUNT RICHARDSON, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 400th District Court
Fort Bend County, Texas
Trial Court Cause No. 09-DCR-051122A**

---

## M E M O R A N D U M   O P I N I O N

Appellant Derrick Dashunt Richardson was convicted of unlawful use of a motor vehicle, and the jury assessed a sentence of 180 days' incarceration, to be probated for four years. Appellant argues on appeal that (1) the trial court erred by excluding three documents supporting appellant's defensive theory that he purchased a vehicle he did not know was stolen; and (2) the evidence is insufficient to support his conviction.

### BACKGROUND

On January 21, 2009, Officers John Watson and Cecelio Peña initiated a traffic stop of appellant when they witnessed him driving a 2004 Infinity G35 with an expired

inspection sticker and expired paper license plates. The officers questioned appellant regarding the vehicle, which appellant was operating with a key. The officers testified that appellant told them he purchased the vehicle at an auction six months earlier—but did not provide the name or location of the auction—and was in the process of applying for a salvage title. Appellant then produced a paper application for a salvage title related to a stated vehicle identification number (VIN) that matched the VIN on the paper license plates, but not the VIN on the 2004 Infinity. Based on the VIN on the 2004 Infinity, the officers discovered the vehicle had been reported stolen in July 2008 by its then-owner, Dawn Cross. The officers contacted Cross, who stated that she did not authorize appellant to drive the vehicle, and then arrested appellant.[1]

Appellant testified at trial and denied telling the officers that he had purchased the vehicle at an auction, or that he had possessed the vehicle for six months. Appellant testified that he truthfully told the officers he purchased the vehicle for $2,500 from a salvage yard called "Reused Auto" in November 2008. Appellant testified he received a hand-written bill of sale and two keys to the vehicle, and was told he would need to secure a salvage title for the vehicle. Appellant ultimately admitted he had not actually filed any paperwork in an attempt to secure any title to the vehicle. He explained that he attributed the "almost too good to be true" low price for the "high-end" 2004 Infinity to recently-repaired damage to the front end of the vehicle, missing catalytic converters, and cut engine wires. Appellant admitted that he had not had the car inspected; he explained that he could not have the car inspected until he could afford to have the catalytic converters repaired. Appellant admitted that he had not obtained insurance on the car; he explained that the maintenance on the vehicle also was an impediment to insurance.

The jury was instructed that "it is a defense to prosecution that the actor, through mistake, formed a reasonable belief about a matter of fact if his mistaken belief negated the kind of culpability required for the commission of the offense." The jury found

---

[1] Both Cross and the subsequent owner of the vehicle testified at trial—and appellant did not dispute—that appellant did not have permission to operate the vehicle.

appellant guilty of unauthorized use of a motor vehicle as charged in the indictment and assessed a sentence of 180 days' incarceration, to be probated for four years. Appellant argues on appeal that (1) the trial court erred by excluding three documents supporting appellant's defensive theory that he purchased a vehicle he did not know was stolen; and (2) the evidence is insufficient to support his conviction.

## ANALYSIS

### I. Evidentiary Issues

In his first issue, appellant complains of the erroneous exclusion of the following evidence, which he asserts "went to the core" of his defensive theory:

- Defendant's Exhibit 4: "A Xerox copy of an Assumed Name for 'Houston Auto Parts' from the Harris County Clerk's Office";

- Defendant's Exhibit 5: "A Hand-Written Bill of Sale Signed by Ali Kahleem"; and

- Defendant's Exhibit 6: "A Receipt from Trevino Muffler Showing Repairs to the Exhaust System."

We separately address appellant's arguments regarding these proffered exhibits.

### A. Defendant's Exhibit 4

The State correctly points out that Defendant's Exhibit 4 is a three-page document; the first two pages appear[2] to be assumed name certificates for "Reuse Parts Corporation" listing "A1 Reuse Parts" as the "name in which business will be conducted," and the third page is a copy of a telephone directory page with the name and contact information for "Reuse Parts Corp" highlighted. Appellant testified that he obtained these documents pursuant to his own investigation after his arrest.

---

[2] It is difficult to discern some of the information from the first page, as the data is obscured by a "Houston Auto Parts" business card, but the second page appears to be a clean copy of the certificate shown in the first page. Appellant testified that Houston Auto Parts currently occupies the location where "Reused" was located when he bought the car. He obtained a card from Houston Auto Parts showing the address as the same one listed for "Reuse Parts Corporation" on the assumed name certificates; appellant explained that Houston Auto Parts "referred me to where they went to apply for their license." Appellant had no information about what businesses had occupied the location between the time "Reused" operated at that location and when it became occupied by "Houston Auto Parts."

3

The State objected to the admission of Defendant's Exhibit 4 on the grounds that it was (1) not relevant; (2) not properly authenticated as a public document because it was not under seal, or as a public record because it was not a certified copy; and (3) a photocopy. Appellant's counsel urged that the offer was relevant "to show that the company actually existed, and he's claiming that that's where he bought the car." Appellant provided no additional explanation supporting admissibility.

Pursuant to Texas Rule of Evidence 902, public documents under seal and certified copies of public records are self-authenticating, meaning that "extrinsic evidence of authenticity" is not required as a condition precedent to admissibility. *See* TEX. R. EVID. 902. Additionally, a copy of a public record is admissible to prove the contents of the original if the copy is certified in accordance with Rule 902 or "testified to be correct by a witness who has compared it with the original." *See* TEX. R. EVID. 1005.

Appellant urges for the first time in his brief that Defendant's Exhibit 4 was erroneously excluded because, although the purported assumed name certificate was not self-authenticating or an original document, the evidence should have been admissible under Texas Rule of Evidence 1005 because the "tenor of [appellant's] testimony leads to [the] conclusion" that he made a copy of the document and compared it to the original public record.

With respect to evidentiary rulings admitting or excluding evidence, "appellate courts may uphold a trial court's ruling on any legal theory or basis applicable to the case, but usually may not reverse a trial court's ruling on any theory or basis that might have been applicable to the case, but was not raised." *Martinez v. State*, 91 S.W.3d 331, 336–37 (Tex. Crim. App. 2002) (emphasis omitted). "Once an objection is made, the proponent must demonstrate that the proffered evidence overcomes the stated objection." *Vinson v. State*, 252 S.W.3d 336, 340 (Tex. Crim. App. 2008); *see also Reyna v. State*, 168 S.W.3d 173, 177 (Tex. Crim. App. 2005) (to preserve complaint about trial court's exclusion of evidence, proponent must tell trial court "why the evidence was admissible"). Because appellant's challenge to the trial court's ruling on this objection is

4

waived, we do not address it. *See Martinez*, 91 S.W.3d at 336–37; *Reyna*, 168 S.W.3d at 177. We overrule appellant's first issue as it pertains to this evidence.

## B. Defendant's Exhibits 5 and 6

Defendant's Exhibit 5 is entitled "Bill of Sale to a Motor Vehicle" and purports to certify that Ali Kahleem sold a 2003 Infinity 4D to Derrick Richardson with a paper license plate and salvage title on November 13, 2008. Defendant's Exhibit 6 is a receipt for $160.00 paid to Trevino's Muffler Shop and describes work performed as "Straight Pipe, 2003 Infinity G35." The State objected to Defendant's Exhibits 5 and 6 as inadmissible hearsay. Appellant's trial counsel acknowledged that Defendant's Exhibits 5 and 6 were offered for the truth of the matter asserted therein and advanced no exceptions to the rule against hearsay in response to the objection. On appeal, appellant again acknowledges that the evidence constitutes hearsay, but contends that relevant hearsay exceptions apply to render the proffered evidence admissible.

As we have already explained, appellate courts usually may not reverse a trial court's ruling on any theory or basis that might have been applicable to the case, but was not raised. *Martinez*, 91 S.W.3d at 336–37. In keeping with this rule, once a proper hearsay objection is made, it is the responsibility of the proponent of the evidence to inform the court of the existence of an applicable hearsay exception. *See Estrada v. State*, 313 S.W.3d 274, 313 (Tex. Crim. App. 2010) ("[I]t is the responsibility of the proponent to inform the court of the existence of an exception to the hearsay rule."); *Reyna*, 168 S.W.3d at 177 (to preserve complaint about trial court's exclusion of evidence, proponent must tell trial court "why the evidence was admissible"); *Willover v. State*, 70 S.W.3d 841, 845–46 (Tex. Crim. App. 2002) (defendant has duty to articulate to trial court particular hearsay exception or specify how proffered evidence is not hearsay).

After the trial court sustained the State's hearsay objections, appellant failed to argue to the trial court, as he does on appeal, that a relevant hearsay exception applies. Appellant therefore has waived this issue for our review. *See Estrada*, 313 S.W.3d at 313; *Reyna*, 168 S.W.3d at 177; *Willover*, 70 S.W.3d at 845–46; *see also* TEX. R. APP. P.

5

33.1. Accordingly, we overrule the remainder of appellant's first issue.

## II.    Sufficiency of the Evidence

Appellant argues in his second issue that the evidence is insufficient to sustain his conviction. Specifically, he argues that the State presented no evidence showing that appellant knew he did not have the consent of the owner to operate the vehicle, as appellant reasonably believed the car he purchased was not stolen.

A person commits the offense of unauthorized use of a vehicle "if he intentionally or knowingly operates another's . . . motor-propelled vehicle without the effective consent of the owner." TEX. PEN. CODE ANN. § 31.07 (West 2011). We acknowledge that the State has the burden to prove, in an unauthorized use of a motor vehicle case, a defendant's culpable mental state with respect to whether the defendant knew his or her use of the motor vehicle was without the effective consent of the owner. *See McQueen v. State*, 781 S.W.2d 600, 603 (Tex. Crim. App. 1989).

When reviewing the sufficiency of the evidence, we view all of the evidence in the light most favorable to the verdict and determine, based on that evidence and any reasonable inferences from it, whether any rational fact finder could have found the elements of the offense beyond a reasonable doubt. *Palomo v. State*, 352 S.W.3d 87, 90 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd) (citing *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010), and *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). This standard applies to both circumstantial and direct evidence. *Id.*

Testimony from an owner that he or she gave no consent to the appellant or anyone else to operate the vehicle "prove[s], from a sufficiency standpoint and as reflected by the fact finder's verdict," that the appellant knew he did not have the owner's consent. *See McQueen*, 781 S.W.2d at 604–05. In this case, both the original owner of the 2004 Infinity at the time it was reported stolen and the subsequent owner of the vehicle testified that they did not give appellant permission to operate the vehicle. Under *McQueen*, such evidence is legally sufficient to support appellant's conviction. *See id.*

6

Moreover, with respect to appellant's credibility and the veracity of the different accounts of how he came to possess the vehicle, the jury was entitled to resolve any issues of credibility and conflicting testimony in favor of the State. *See Palomo*, 352 S.W.3d at 90.

Viewing all the evidence in the light most favorable to the conviction, we conclude that a rational trier of fact could find beyond a reasonable doubt that appellant knowingly or intentionally operated the 2004 Infinity without the consent of the owner. *See id.* We overrule appellant's second issue.

## CONCLUSION

Having overruled both appellant's issues on appeal, we affirm the judgment of the trial court.

/s/    Sharon McCally
       Justice

Panel consists of Chief Justice Hedges and Justices Jamison and McCally.

Do Not Publish — TEX. R. APP. P. 47.2(b).