**AFFIRM; Opinion Filed October 31, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-12-01049-CR
No. 05-12-01050-CR
No. 05-12-01051-CR
No. 05-12-01052-CR
No. 05-12-01053-CR
No. 05-12-01054-CR
No. 05-12-01055-CR

**LORENZO DEMON HICKS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 204th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F09-24069-Q, F09-24070-Q, F09-24081-Q, F09-24091-Q,**
**F09-40606-Q, F09-40635-Q, F10-63192-Q**

## MEMORANDUM OPINION

Before Justices Moseley, Lang, and Brown
Opinion by Justice Moseley

Lorenzo Demon Hicks appeals the adjudication of his guilt on six burglary offenses and his conviction on an unauthorized use of a motor vehicle (UUMV) offense. In each case, appellant challenges the sufficiency of the evidence to support the adjudication of his guilt on the burglary cases and to support the new UUMV conviction. We affirm the trial court's judgments.

BACKGROUND

Appellant waived a jury and pleaded guilty to burglary of a habitation in six cases. *See* TEX. PENAL CODE ANN. § 30.02(a)(1) (West 2011). The trial court deferred adjudicating guilt and placed appellant on ten years' community supervision in each case. The State later filed amended motions to adjudicate, alleging appellant violated condition (a) by committing the UUMV and an assault involving family violence offense, condition (f) by failing to work at suitable employment, condition (h) by failing to pay court costs and fines, condition (k) by failing to pay Crime Stoppers, and condition (o) by failing to pay restitution. In a hearing on the motions to adjudicate and the new UUMV offense, appellant pleaded not true to all of the allegations in the motions to adjudicate, and not guilty to the new offense.

Dallas police officer Kerry Willis testified that on November 25, 2010, he was on a call with a trainee at an apartment complex when a black Nissan Altima collided with his patrol car. Appellant, who was alone in the Altima, said the vehicle belonged to a friend of his who had let him drive it. When Willis checked appellant's identification, he learned appellant had several outstanding warrants. Willis arrested appellant, then checked the vehicle's ownership. Willis discovered the vehicle was registered to Selena Ponce, and she had reported it stolen on November 21, 2010. Willis testified there was only very minor damage done to the vehicle, and he did not recall seeing any items inside the vehicle.

Selena Ponce testified she owned a black Nissan Altima. The vehicle had a push-button ignition that worked as long as a "key pad" was within five feet of the vehicle. On the evening of November 20, 2010, she attended a party and returned home late. She parked her car in her driveway rather than pulling it into the garage. The next morning, she discovered her car was missing. She immediately called the police and reported it stolen. Ponce testified she may have

left the key pad inside the unlocked car. A few weeks later, Ponce was able to get the car from impound. Ponce testified several items that were inside the car when she parked it in her driveway were missing, including a laptop computer that was on the backseat, a cooking pan and toaster that were in the trunk, and her deceased brother's rosary that had hung on the rearview mirror. Ponce testified that while she waited outside the courtroom before the hearing began, appellant walked up to a woman who had accompanied Ponce to the hearing and said, "Your boyfriend Jose let me borrow your car." Ponce testified she does not know Jose; her boyfriend's name is Luis Perez, who drove his own vehicle, a Lincoln Navigator; and Perez did not live with her. Ponce testified she had never seen appellant before and never gave appellant consent to use her car, and Perez did not have authority to loan her car to anyone.

Appellant testified he got permission to drive the Altima from Ponce's boyfriend "Jose Perez." Appellant testified he is a barber and had been cutting Jose's hair since 2007. He had seen Jose drive the Altima and had also seen Ponce drive it. According to appellant, he went to Jose's house sometimes to cut Jose's hair, and Jose would tell Ponce to stay in the house. Appellant would cut Jose's hair in the garage and never went inside the house. Appellant admitted he was driving the vehicle on November 25, 2010 when he collided with a patrol car at his apartment complex.

During cross-examination, the trial judge announced she would take judicial notice of a letter that appellant wrote to her in which appellant stated, "My friend, Jose Lopez, let me use his car to take care of some things that I put off due to not having my own vehicle." The judge questioned appellant as to why his letter names the person who allegedly gave him permission to use the car Jose Lopez and his testimony said the person's name was Jose Perez? Appellant responded that he was in jail at the time he wrote the letter and simply wrote the wrong name.

-3-

Appellant testified Jose gave him permission to use the car on November 21, 2010, but Jose never said to return the car on a specific date. Appellant testified a friend gave him a ride to Jose's house and the vehicle was parked in the driveway in front of the garage. The key pad was on the side of the garage on the ground, which is where Jose said he would put it for appellant. When asked by the trial court to describe Jose, appellant described Jose as being in his twenties, wore Versace glasses, had "weight on him," had black hair and mustache, wore his hair in a "bald fade," and stood about five feet, seven inches tall.

Ponce was recalled and questioned by the trial judge about her boyfriend Luis Perez. Ponce testified Perez was five feet, eight inches tall, wore his hair in a "fade," wore prescription eyeglasses had a mustache, and was twenty-four years old. Ponce testified that Perez never lived with her, and at the time her vehicle was stolen, Perez lived with his mother. Ponce testified her brother Thomas always cut Perez's hair either at their mother's home or at Thomas's house. Ponce also testified that a few times Thomas came to Ponce's house and cut Perez's hair in the dining room. Ponce testified no one ever cut hair in her garage.

Community supervision officer Harold Martin testified that at the time the motions to adjudicate were filed, appellant was delinquent in paying fees and restitution, and he was not employed. Brittany Metzger testified about an alleged assault where appellant threatened her with a knife.

At the conclusion of the hearing, the trial court found appellant guilty of the UUMV and found the allegations regarding the UUMV and failure to pay restitution true. The trial court sentenced appellant to two years' confinement in a state jail on the UUMV, and twenty years' imprisonment on each of the burglary cases.

In his one issue, appellant contends the evidence is legally insufficient to prove he was guilty of UUMV. Appellant asserts there was no evidence he intentionally and knowingly drove Ponce's vehicle without her permission; Ponce's boyfriend gave him permission to use the vehicle; and he raised a "plausible defense of mistake of fact" because he believed he had the owner's permission to use the vehicle. The State responds that the evidence is legally sufficient to support appellant's UUMV conviction.

In reviewing a challenge to the sufficiency of the evidence, we examine all the evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012); *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010) (plurality op.). We must defer to the jury's credibility and weight determinations because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony. *See Wise*, 364 S.W.3d at 903.

The State was required to prove beyond a reasonable doubt that appellant intentionally or knowingly operated another's motor vehicle without the effective consent of the owner. TEX. PENAL CODE ANN. § 31.07(a). Thus, the State was required to show not only that appellant intentionally or knowingly operated the vehicle, but that appellant knew he did not have the owner's consent. *McQueen v. State*, 781 S.W.2d 600, 604 (Tex. Crim. App. 1989).

Testimony that the owner did not give consent to operate his vehicle can be sufficient to support a finding that an appellant knew he did not have consent to operate the vehicle. *Id*. at 604–605. When an appellant asserts a mistake-of-fact defense concerning the circumstances surrounding the operation of a vehicle, the fact finder is free to reject the evidence. *Id*.; *see also*

*Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986) (holding trier of fact is the judge of the facts, credibility of witnesses, and weight to be given testimony).

Here, the trial court heard Ponce's testimony that she had never before seen appellant and did not give him consent to take her vehicle. Ponce testified she may have left the key pad in her unlocked vehicle the day it was stolen. Appellant, conversely, testified that Ponce's boyfriend Jose gave him permission to use the vehicle, he often cut Jose's hair in the garage where the vehicle was parked, and he found the key pad to the vehicle on the side of the garage on the ground, which is where Jose said he would leave it for appellant.

It was the trial judge's role, as the fact-finder, to reconcile conflicts in the evidence. *See Swearingen*, 101 S.W.3d 89, 97 (Tex. Crim. App. 2003). Viewing the evidence under the proper standard, we conclude a rational trier of fact could find beyond a reasonable doubt that appellant operated the motor vehicle without the owner's effective consent. Thus, the evidence is sufficient to sustain the conviction for UUMV. We resolve appellant's issue against him.

REVOCATION AND ADJUDICATION OF GUILT

In each case, appellant contends the trial court abused its discretion by revoking his community supervision and adjudicating his guilt because the evidence is legally insufficient to prove he was guilty of committing the UUMV offense.

Appellant review of an order revoking community supervision is limited to determining whether the trial court abused its discretion. *See Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). An order revoking community supervision must be supported by a preponderance of the evidence, meaning the greater weight of the credible evidence that would create a reasonable belief that the defendant has violated a condition of probation. *Id.* at 763–64.

We have already determined the evidence is sufficient beyond a reasonable doubt to support the conviction for UUMV. We likewise conclude the State proved by a preponderance of the evidence that appellant committed the new UUMV, in violation of condition (a) of his community supervision. *See id.* A finding of a single violation of community supervision is sufficient to support revocation. *See Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980). We conclude the trial court did not abuse its discretion in adjudicating appellant guilty. We overrule appellant's six issues challenging the adjudication of his guilt.

We affirm the trial court's judgment in each case.


/Jim Moseley/
JIM MOSELEY
JUSTICE


Do Not Publish
TEX. R. APP. P. 47
121049F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LORENZO DEMON HICKS, Appellant

No. 05-12-01049-CR          V.

THE STATE OF TEXAS, Appellee

Appeal from the 204th Judicial District Court of Dallas County, Texas (Tr.Ct.No. F09-24069-Q).
Opinion delivered by Justice Moseley, Justices Lang and Brown participating.

Based on the Court's opinion of this date, the trial court's judgment is **AFFIRMED**.

Judgment entered October 31, 2013.

/Jim Moseley/
JIM MOSELEY
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LORENZO DEMON HICKS, Appellant

No. 05-12-01050-CR          V.

THE STATE OF TEXAS, Appellee

Appeal from the 204th Judicial District Court of Dallas County, Texas (Tr.Ct.No. F09-24079-Q).
Opinion delivered by Justice Moseley, Justices Lang and Brown participating.

Based on the Court's opinion of this date, the trial court's judgment is **AFFIRMED**.

Judgment entered October 31, 2013.

/Jim Moseley/
JIM MOSELEY
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LORENZO DEMON HICKS, Appellant

No. 05-12-01051-CR       V.

THE STATE OF TEXAS, Appellee

Appeal from the 204th Judicial District Court of Dallas County, Texas (Tr.Ct.No. F09-24081-Q).
Opinion delivered by Justice Moseley, Justices Lang and Brown participating.

Based on the Court's opinion of this date, the trial court's judgment is **AFFIRMED**.

Judgment entered October 31, 2013.

/Jim Moseley/
JIM MOSELEY
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LORENZO DEMON HICKS, Appellant

No. 05-12-01052-CR        V.

THE STATE OF TEXAS, Appellee

Appeal from the 204th Judicial District
Court of Dallas County, Texas (Tr.Ct.No.
F09-24091-Q).
Opinion delivered by Justice Moseley,
Justices Lang and Brown participating.

Based on the Court's opinion of this date, the trial court's judgment is **AFFIRMED**.

Judgment entered October 31, 2013.

/Jim Moseley/
JIM MOSELEY
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LORENZO DEMON HICKS, Appellant

No. 05-12-01053-CR          V.

THE STATE OF TEXAS, Appellee

Appeal from the 204th Judicial District
Court of Dallas County, Texas (Tr.Ct.No.
F09-40606-Q).
Opinion delivered by Justice Moseley,
Justices Lang and Brown participating.

Based on the Court's opinion of this date, the trial court's judgment is **AFFIRMED**.

Judgment entered October 31, 2013.

/Jim Moseley/
JIM MOSELEY
JUSTICE

# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

LORENZO DEMON HICKS, Appellant

No. 05-12-01054-CR    V.

THE STATE OF TEXAS, Appellee

Appeal from the 204th Judicial District
Court of Dallas County, Texas (Tr.Ct.No.
F09-40635-Q).
Opinion delivered by Justice Moseley,
Justices Lang and Brown participating.

Based on the Court's opinion of this date, the trial court's judgment is **AFFIRMED**.

Judgment entered October 31, 2013.

/Jim Moseley/
JIM MOSELEY
JUSTICE

# Fifth District of Texas at Dallas

## JUDGMENT

LORENZO DEMON HICKS, Appellant

No. 05-12-01055-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the 204th Judicial District Court of Dallas County, Texas (Tr.Ct.No. F10-63192-Q).
Opinion delivered by Justice Moseley, Justices Lang and Brown participating.


Based on the Court's opinion of this date, the trial court's judgment is **AFFIRMED**.


Judgment entered October 31, 2013.


/Jim Moseley/
JIM MOSELEY
JUSTICE