

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-18-00107-CR

_____

CRAIG ALLEN RODRIGUEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 108th District Court
Potter County, Texas
Trial Court No. 75,078-E; Honorable Douglas R. Woodburn, Presiding

April 24, 2019

## MEMORANDUM OPINION

Before Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant, Craig Allen Rodriguez, was charged with unauthorized use of a vehicle, a state jail felony.[1] At trial, he entered a plea of not guilty. The jury found him guilty and

---

[1] TEX. PENAL CODE ANN. § 31.07(a), (b) (West 2016).

assessed punishment at two years confinement in a state jail facility.[2]  By a sole issue, Appellant challenges the sufficiency of the evidence to support his conviction.  We affirm.

BACKGROUND

At the time of the offense, the complainant and her husband were separated and her husband was living in an apartment.  The couple owned a Toyota vehicle, registered in the complainant's name, which was used mostly by her husband.  Both parties spoke Karen, an Asian language; however, only the complainant spoke any English.

One night, the complainant went to her husband's apartment to check on him because he had been drinking outside his apartment.  When she left, she noticed their vehicle parked in front of the apartment.  At trial, with the assistance of a translator, the complainant's husband testified he was intoxicated when he returned to his apartment and possibly could have dropped his keys.  The next morning, he realized the vehicle was missing and borrowed a phone to call his wife.  He did not call the police to report the missing vehicle because of the language barrier.

The complainant then called the police and reported that their vehicle was missing. She gave a statement and assisted the investigating officer with the language barrier when he interviewed her husband.  Two days later, she again called police to report she had seen her vehicle being driven by an unknown individual and she had followed it to a gas station.

---

[2] In the same proceeding, Appellant also pleaded guilty to evading arrest or detention with a vehicle and was convicted of that offense.  His appeal was presented pursuant to *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and his conviction was affirmed by this court on this same date in appellate cause number 07-18-00106-CR.

Two officers were immediately dispatched to the gas station. The first officer to arrive activated the emergency lights of his patrol vehicle and attempted to stop the driver, later identified as Appellant. Appellant, however, fled in the vehicle. He drove through a bar ditch onto the shoulder of the roadway heading in the wrong direction and collided head-on with a rental vehicle being driven by the complainant. He then exited the stolen vehicle and fled on foot. He was apprehended after the second officer commanded him to stop or risk being subdued with a Taser gun.

At trial, Appellant's defensive theory (introduced by defense counsel during opening statements) was that he bought the vehicle from the complainant's husband for $1,800 cash. With the assistance of an interpreter, the complainant's husband was asked if he had sold the vehicle to Appellant or had given him permission to drive it, to which he answered without equivocation that he had not.[3] The complainant likewise testified that she had not given Appellant consent to drive the vehicle and was unaware of any alleged sale of the vehicle. Appellant did not testify, nor did he offer any direct evidence that he purchased the vehicle. The jury rejected Appellant's theory and convicted him of unauthorized use of a vehicle.

STANDARD OF REVIEW—SUFFICIENCY OF THE EVIDENCE

The only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense the State is required to prove beyond a reasonable doubt is the standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). *See Adames v. State*, 353 S.W.3d

_____

[3] The complainant's husband admitted during cross-examination that Appellant had been in his apartment the night the vehicle went missing.

3

854, 859 (Tex. Crim. App. 2011); *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). We consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, any rational juror could have found the essential elements of the crime beyond a reasonable doubt. *Queeman v. State*, 520 S.W.3d 616, 622 (Tex. Crim. App. 2017).

We give deference to the responsibility of the trier of fact to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jenkins v. State*, 493 S.W.3d 583, 599 (Tex. Crim. App. 2016). Each fact need not point directly and independently to the appellant's guilt, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *Id.*

We compare the elements of the offense as defined by a hypothetically correct jury charge to the evidence adduced at trial. *Thomas v. State*, 444 S.W.3d 4, 8 (Tex. Crim. App. 2014) (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). In our review, we must evaluate all of the evidence in the record, both direct and circumstantial and whether properly or improperly admitted. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). When the record supports conflicting inferences, we presume the fact finder resolved the conflicts in favor of the prosecution and defer to that determination. *Jackson*, 443 U.S. at 326.

APPLICABLE LAW

A person commits the offense of unauthorized use of a vehicle when "he intentionally or knowingly operates another's . . . motor-propelled vehicle without the

effective consent of the owner." TEX. PENAL CODE ANN. § 31.07(a) (West 2016). Testimony that a vehicle owner did not give consent to operate his vehicle alone is sufficient to support a finding that an appellant knew he did not have consent to operate the vehicle. *McQueen v. State*, 781 S.W.2d 600, 603-04 (Tex. Crim. App. 1989); *Battise v. State*, 264 S.W.3d 222, 227 (Tex. App.—Houston [1st Dist.] 2008, pet. ref'd).

ANALYSIS

Appellant's attack on the sufficiency of the evidence to support his conviction for unauthorized use of a vehicle is directed at the element of "without the effective consent of the owner." At trial and on appeal, Appellant challenges the complainant's husband's credibility and criticizes the investigating officer's decision to not obtain the services of an interpreter when he interviewed the complainant's husband. We disagree with Appellant's contentions.

The manner in which the investigating officer conducted his interviews has no bearing on the sufficiency of the evidence presented at trial. During trial, with the aid of an interpreter,[4] both the complainant and her husband offered testimony that Appellant did not have consent from either one of them to operate the vehicle in question. There was no evidence that Appellant had purchased the vehicle from the complainant's husband. It is noteworthy that the complainant's husband did not speak any English, making a commercial transaction involving negotiation with Appellant highly unlikely.

---

[4] We note that no objection was lodged to the competency of the interpreter at trial. *See Dat Tat Pham v. State*, No. 07-12-00503-CR, 2017 Tex. App. LEXIS 4923, at *5 (Tex. App.—Amarillo May 31, 2017, no pet.) (mem. op., not designated for publication).

5

Additionally, the evidence showed that Appellant fled from two officers, first in the vehicle and then on foot after the head-on collision. *See Carrasquillo v. State*, 01-10-00217-CR, 2011 Tex. App. LEXIS 8943, at *17 (Tex. App.—Houston [1st Dist.] Nov. 10, 2011, pet. dism'd) (citing *Middlebrook v. State*, 803 S.W.2d 355, 360 (Tex. App.—Fort Worth 1990, pet. ref'd)) (mem. op., not designated for publication) (noting that evidence of flight from officers supports a reasonable inference of unauthorized use of a vehicle). Based on the circumstances, the jury was free to reject Appellant's theory that he had purchased the complainant's vehicle or that he had consent to operate the vehicle. *See Dodd v. State*, No. 05-17-01061-CR, 2018 Tex. App. LEXIS 8073, at *6-7 (Tex. App.—Dallas Oct. 3, 2018, no pet.) (mem. op., not designated for publication) (citing *McQueen*, 781 S.W.2d at 605; *Battise*, 264 S.W.3d at 227). Appellant's sole issue is overruled.

CONCLUSION

The trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

Do not publish.

6