**AFFIRM; and Opinion Filed July 18, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-18-01071-CR**

**No. 05-18-01462-CR**

**ALFREDO SERRATO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 292nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F-1731348-V & F-1731349-V**

## MEMORANDUM OPINION

Before Justices Bridges, Brown, and Nowell
Opinion by Justice Brown

Alfredo Serrato appeals his convictions for indecency with a child by contact and aggravated sexual assault of a child. The two complainants, JA and DA, are brothers. Appellant was tried jointly for the offenses, and a jury found him guilty. Serrato raises three issues in the indecency case and two in the aggravated sexual assault case. He challenges the sufficiency of the evidence to prove indecency and complains of the admission of hearsay statements and jury charge error. We affirm both judgments.

### BACKGROUND

The indictment charging appellant with indecency with a child alleged that on or about May 1, 2015, appellant unlawfully, with intent to arouse and gratify his sexual desire, engaged in sexual contact with JA, a child younger than seventeen years and not appellant's spouse, by contact

between appellant's hand and JA's genitals. The indictment charging appellant with aggravated sexual assault of a child alleged that on or about February 1, 2016, appellant intentionally and knowingly caused the contact and penetration of DA's anus by appellant's sexual organ. The indictment further alleged DA was not appellant's spouse and was younger than fourteen.

In each case, the State gave pretrial notice of possible outcry witnesses. At the hearing to determine the proper outcry witness, the prosecutor informed the judge that the State was not offering the outcry of JA, only the outcry of DA. The trial court determined that the forensic interviewer, Megan Peterson, was the outcry witness in the case involving DA.

At the time of trial, JA was eight years' old and DA was nine. Appellant was the boyfriend of the boys' uncle Carlos and was known as "Freddie." The State presented evidence that appellant and Carlos lived in the same house with JA and DA and several other family members from early 2013 to early 2016 and that the sexual abuse occurred during that time. The allegations came to light in July 2017. Both boys testified that appellant engaged in sexual conduct with them. Appellant testified and denied the allegations. The jury found appellant guilty as charged in each case and assessed his punishment at fifteen years' confinement for indecency with a child and thirty years' confinement for aggravated sexual assault of child.

### APPEAL OF THE INDECENCY WITH A CHILD CONVICTION

In his first issue in the indecency case, appellant contends the evidence is insufficient to support the jury's verdict. He argues the evidence creates only a "suspicion of wrongdoing."

When reviewing appellant's complaint about the sufficiency of the evidence, we consider all of the evidence in the light most favorable to the verdict to determine whether, based on that evidence and the reasonable inferences therefrom, a factfinder was rationally justified in finding guilt beyond a reasonable doubt. *Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013); *see Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979). The factfinder is the sole judge of

the credibility of the witnesses and the weight to be given their testimony. *Temple*, 390 S.W.3d at 360. The testimony of a child victim alone is sufficient to support a conviction for indecency with a child. *See* TEX. CODE CRIM. PROC. ANN. art. 38.07; *Lee v. State*, 186 S.W.3d 649, 655 (Tex. App.—Dallas 2006, pet. ref'd).

JA testified that he used to live in Grand Prairie with his grandparents, parents, siblings, and Carlos and Freddie. One time, JA was sleeping on a couch at home. He woke up and saw Freddie right next to him. Freddie touched JA's side with his hand. Then Freddie touched JA's private part under JA's underwear. On a picture of a boy's body, JA identified the "private part" as the part one uses "to pee." On cross-examination, JA stated that he thinks he was four when the offense occurred.

Appellant's complaint about the sufficiency of the evidence amounts to a challenge to JA's credibility. He suggests the evidence is insufficient because there was no outcry witness in the case involving JA and because JA was not asked to identify the date of the offense. The court of criminal appeals has stated, "Especially where young children are involved, we have cautioned that courts cannot impose unrealistic expectations regarding proof of when an offense actually occurred." *Dixon v. State*, 201 S.W.3d 731, 736 (Tex. Crim. App. 2006). It is well settled that the "on or about" language in an indictment allows the State to prove a date other than the one alleged as long as the date is anterior to the presentment of the indictment and within the statutory limitations period. *Sledge v. State*, 953 S.W.2d 253, 256 (Tex. Crim. App. 1997); *see* TEX. CODE CRIM. PROC. ANN. art. 21.02. There is no statutory limitations period for indecency with a child. TEX. CODE CRIM. PROC. ANN. art. 12.01. The State's evidence showed the offense occurred prior to presentment of the indictment in October 2017. JA's testimony alone was legally sufficient to support appellant's conviction for indecency with a child by contact. We will not disturb the jury's

determination of the credibility of the witnesses. We overrule appellant's first issue in the indecency case.

In his second issue, appellant contends the trial court erred in admitting testimony from Daniel A., JA and DA's paternal uncle, over appellant's hearsay objection. We conclude appellant has not preserved this issue for appellate review.

On July 3, 2017, JA spent the night at Daniel's house. Daniel witnessed his young son and JA engage in some behavior that concerned him. The next day, he and his wife called JA's mother Elaine A., and Elaine came to their house to speak to JA. Daniel saw that Elaine appeared to be upset, and he heard her cry out, "Freddie raped my boys." It is this statement appellant complains was inadmissible hearsay. In the trial court, appellant objected that the testimony "calls for hearsay" and argued that the "exception to the rule does not apply." The judge overruled the objection.

Contrary to his apparent position in the trial court, appellant does not dispute that the excited utterance exception applies. He argues that even if Elaine's statement was admissible as an excited utterance, it was still prohibited under rule 805. Rule 805 provides, "Hearsay within hearsay is not excluded by the rule against hearsay if each part of the combined statements conforms with an exception to the rule." TEX. R. EVID. 805. Appellant argues there is no evidence that what JA told his mother that caused her to conclude appellant raped JA was independently admissible.

To preserve error for appellate review, the complaining party must make a specific objection and obtain a ruling on the objection. TEX. R. APP. P. 33.1(a). The complaint made on appeal must comport with the objection made at trial. *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002). A general hearsay objection does not preserve a complaint about "hearsay within hearsay." *Juarez v. State*, 461 S.W.3d 283, 294 n.8 (Tex. App.—Texarkana 2015, no pet.);

*Freeman v. State*, 230 S.W.3d 392, 403 (Tex. App.—Eastland 2007, pet. ref'd). Appellant has not preserved error because he did not raise his specific complaint in the trial court.

In addition, even if error had been preserved, appellant cannot show he was harmed by Daniel's testimony about what he heard Elaine say. Daniel's wife Samantha Cantu testified about the same events that took place at her house on July 4, 2017. Over appellant's hearsay objection, Cantu testified that she heard Elaine say to Daniel, "Freddie raped him." Thus, the complained-of statement came in twice, but appellant has complained on appeal about only one of the two times it came in. He cannot show that any error in admitting Daniel's testimony affected his substantial rights. *See* TEX. R. APP. P. 44.2(b); *cf. Valle v. State,* 109 S.W.3d 500, 509 (Tex. Crim. App. 2003) (error in admission of evidence is cured where same evidence comes in elsewhere without objection). We overrule appellant's second issue in the indecency case.

In his third issue, appellant contends the trial court erred in admitting two statements from JA's mother Elaine over hearsay objections. The statements concerned things JA told his mother when she spoke to him on July 4, 2017. Elaine testified that JA was emotional about the questions she asked him. Elaine asked JA if anyone had touched him. Appellant first complains of Elaine's testimony that JA's response to that question was "Freddie." Appellant also complains of Elaine's testimony that JA said appellant "put half of his penis in his butt." Appellant argues the statements were inadmissible because they did not qualify as excited utterances due to the time lapse between the abuse and the statements.[1] *See* TEX. R. EVID. 803(2) (excited utterance is "statement relating to a startling event or condition, made while the declarant was under the stress of excitement that it caused.").

---

[1] The State responds that JA's statement to Elaine was his outcry, therefore it was not inadmissible hearsay. *See* TEX. CODE CRIM. PROC. ANN. art. 38.072. But the State did not offer Elaine, or anyone else, as an outcry witness in the case involving JA.

For purposes of this appeal, we will assume, without deciding, that the trial court erred in admitting the evidence. The erroneous admission of hearsay evidence is nonconstitutional error. *See Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998). Nonconstitutional error requires reversal only when the error affected the defendant's substantial rights. TEX. R. APP. P. 44.2(b). Substantial rights are not affected by the erroneous admission of evidence if the appellate court, after examining the record as a whole, has fair assurance that the error did not influence the jury, or had but a slight effect. *Solomon v. State*, 49 S.W.3d 356, 365 (Tex. Crim. App. 2001). The same evidence about which appellant complains came in elsewhere without objection. JA's medical records from a July 6, 2017 visit to the emergency room at Dallas Children's Medical Center were admitted into evidence without objection. In two separate places, those records note, "The mother asked patient if anyone had touched him and he disclosed that the uncle's boyfriend, Freddie, had put his penis in the patient's 'butt.'" We therefore have fair assurance that any error in the admission of the same evidence from Elaine did not influence the jury or had but a slight effect. We overrule appellant's third issue in the indecency case.

### APPEAL OF THE AGGRAVATED SEXUAL ASSAULT OF A CHILD CONVICTION

In his first issue in the aggravated sexual assault case, appellant complains of error in the jury charge. He asserts that aggravated sexual assault of a child is a nature of conduct offense, and that the trial court erred by failing to limit the culpable mental states of "intentionally" and "knowingly" to the nature of appellant's conduct. Appellant complains of the following definitions in the charge:

> A person acts intentionally, or with intent, with respect to the nature of his conduct or with respect to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result.

> A person acts knowingly, or with knowledge, with respect to the nature of his conduct, or with respect to the circumstances surrounding his conduct when he is aware of the nature of this conduct or that the circumstances exist. A person acts

–6–

knowingly, or with knowledge, with respect to a result of his conduct, when he is aware that his conduct is reasonably certain to cause the result.

Appellant did not raise his objection in the trial court.

We review complaints of jury charge error by first determining whether error exists. *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012). If error exists, we must determine whether the error caused sufficient harm to warrant reversal. *Ngo v. State*, 175 S.W.3d 738, 743–44 (Tex. Crim. App. 2005). When, as here, an alleged jury charge error was not objected to, we reverse only if an error was "so egregious and created such harm that the defendant has not had a fair and impartial trial." *Barrios v. State*, 283 S.W.3d 348, 350 (Tex. Crim. App. 2009) (citing *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g)). Egregious harm consists of errors affecting the very basis of the case or depriving the defendant of a valuable right. *Nava v. State*, 415 S.W.3d 289, 298 (Tex. Crim. App. 2013). We assess harm in light of "the entire jury charge, the state of the evidence (including the contested issues and the weight of probative evidence), the arguments of counsel, and any other relevant information revealed by the record of the trial as a whole." *Id*.

There are three "conduct elements" which may be involved in an offense: 1) the nature of the conduct, 2) the result of the conduct, and 3) the circumstances surrounding the conduct. *McQueen v. State*, 781 S.W.2d 600, 603 (Tex. Crim. App. 1989). An offense may contain one or more of these elements, and it is those essential conduct elements to which a culpable mental state applies. *Id.* The culpable mental state definitions in the charge must be tailored to the conduct elements of the charged offense. *Patrick v. State*, 906 S.W.2d 481, 492 (Tex. Crim. App. 1995).

In support of his assertion that aggravated sexual assault of a child is a nature of conduct offense, appellant relies on *Gonzales v. State*, 304 S.W.3d 838 (Tex. Crim. App. 2010). In *Gonzales*, the court of criminal appeals determined that there was no double jeopardy violation where the defendant was convicted of two counts of aggravated sexual assault, one for penetration

–7–

of the child's sexual organ and one for penetration of the child's anus, that occurred during the same incident. *Id.* at 849. The opinion states that the aggravated sexual assault statute, penal code section 22.021, is "a conduct-oriented statute." *Id.* at 847 (quoting *Vick v. State*, 991 S.W.2d 830, 832 (Tex. Crim. App. 1999) (also double jeopardy case)). The State questions whether the double jeopardy analysis in *Gonzales* is applicable to the jury charge issue here. To resolve this case, we need not decide whether it is. Even if we assume the charge was erroneous, appellant was not egregiously harmed. Appellant does not explain in his appellate brief how he was harmed. Instead, he asserts the *Almanza* framework for conducting a harm analysis in cases of charge error has "proven unworkable." He argues that the remedy in all cases of charge error should be reversal. As an intermediate court of appeals, it is not our role to make such a change in the law. We are bound to follow precedent from the Texas Court of Criminal Appeals. *See Brown v. State*, 92 S.W.3d 655, 659 (Tex. App.—Dallas 2002), *aff'd*, 122 S.W.3d 794 (Tex. Crim. App. 2003).

Before the jury could return a guilty verdict in this case, the application paragraph of the charge required the jury to find beyond a reasonable doubt that appellant did "intentionally or knowingly cause the contact or penetration of the anus" of DA with appellant's sexual organ. The charge required the jury to find that appellant engaged in the conduct with the requisite intent. Further, intent was not a contested issue at trial. Appellant denied that the aggravated sexual assault of DA occurred. We overrule appellant's first issue in the aggravated sexual assault case.

Appellant's second issue in aggravated sexual assault of a child case is identical to his second issue in the indecency case. He complains of Daniel's testimony that Elaine told him "Freddie raped my boys." We have already determined that this argument is without merit. We overrule appellant's second issue in the aggravated sexual assault case.

We affirm the trial court's judgments.

/Ada Brown/

ADA BROWN
JUSTICE

181071F.U05



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

ALFREDO SERRATO, Appellant

No. 05-18-01071-CR    V.

THE STATE OF TEXAS, Appellee

On Appeal from the 292nd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F-1731349-V.
Opinion delivered by Justice Brown,
Justices Bridges and Nowell participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 18th day of July, 2019.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ALFREDO SERRATO, Appellant

No. 05-18-01462-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 292nd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-1731348-V.
Opinion delivered by Justice Brown,
Justices Bridges and Nowell participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 18th day of July, 2019.